HON. PIERPOINT ISHAM, ⎫
HON. MILO L. BENNETT, ⎬ ASSISTANT JUDGES.
                       ⎭

---

STATE OF VERMONT *v.* DAVID COMSTOCK.

*Grand jurors complaint. Prosecution for violations of the act of 1850 regulating the traffic in intoxicating drinks ( Comp. Stat. Ch. 87, p. 504.)*

It need not be stated, in a complaint by a town grand juror, that he makes it upon his oath of office. All of his official acts are under that oath, which, it will be presumed, he has taken.

The legislature may prescribe the form of an indictment in a given case, provided they violate no constitutional provision. There is no constitutional objection to the form they prescribed for prosecutions for offences against the act of 1850 regulating the traffic in intoxicating liquors. (Comp. Stat. 507, § 12.)

State *v* Comstock.

Upon a general conviction, under such an indictment or complaint, the respondent can be sentenced only for the lesser offence.

To a complaint for a violation of the act of 1850, regulating the traffic in intoxicating drinks, the respondent plead a former conviction for what he alleged to be the same offence; a replication, that the offence of which the respondent was convicted and the one then charged were not committed at the same time and were not identical, was, on demurrer, held sufficient.

PROSECUTION for a violation of the law of 1850, (Comp. Stat. Ch. 87, p. 504) regulating the traffic in intoxicating drinks. The complaint was as follows.

" To Loren Griswold, Esq., a justice of the peace for said " county of Orange, comes Horace Wheeler, a grand juror, for " the town of Randolph, in said county, and complaint makes that " David Comstock, of said Randolph, on the first day of March, A. " D. 1851, at said Randolph, did become a dealer in intoxicating " liquors without a license therefor in force, and from the said first " day of March to the day of the date of this complaint, has con- " tinued so to deal in the selling or furnishing of intoxicating " liquors, contrary to the form, force and effect of the statute " in such case, made and provided, and against the peace and " dignity of the state."

In the county court the respondent plead in bar a former conviction before a justice of the peace, upon a complaint by the states attorney, exhibited after the committing of the offence and before the exhibiting of the present complaint, charging that the respondent, on the 1st of June, 1851, and on divers days and times between that day and the date of said complaint by the state's attorney, became a dealer in intoxicating liquors without a license therefor, &c., and that the offence, charged in that complaint, whereof he was convicted, and the offence charged in the present complaint were identical, &c.

To this plea, it was replied that the offence charged in the present complaint and that of which the respondent was convicted as alleged in his said plea, were not done and committed by the respondent at one and the same time, and were not the same identical offences, &c.

To this replication the respondent demurred.

The county court, June Term, 1853,—COLLAMER, J., presiding, —overruled the demurrer, to which the respondent excepted; he

then plead guilty, and moved in arrest of sentence on account of the insufficiency of the complaint. This motion was overruled, to which the respondent also excepted.

*P. Perrin* and *E. Weston* for the respondent.

*J. P. Kidder* and *J. B. Hutchinson* for the prosecution.

The opinion of the court was delivered by

BENNETT, J. It is argued that the complaint in this case is bad, because it is not stated to have been made upon the *office oath* of the grand juror; but this objection cannot avail the party. Horace Wheeler, the grand juror, comes before the justice as grand juror, and, as such, he makes his complaint against the defendant, and signs the complaint in his official capacity. We should presume that he had taken the oath prescribed for 'grand jurors, and, consequently the official act of his, in making the complaint, must of necessity have been under the sanction of his oath of office, and this would have more clearly appeared if it had been so stated upon the face of the complaint. A town grand juror is a standing officer of the government, as much so as the state's attorney, and both act under their usual *office oath,* and none other is required of them. Consequently, all official acts are done under oath. If an indictment is found by a special grand jury, who are to be sworn on every occasion of their being summoned, it is quite possible, a different rule would obtain.

In the case of *State* v. *Sickle et al.,* Bray. 132, this same objection was taken to an information filed by a states attorney, and was overruled, and we think correctly.

It is claimed that the complaint is bad in substance, because the court, upon a general conviction, could not tell what fine to assess. But, suppose it be conceded that this complaint would be bad upon common law principles, it does not follow but what it is made good by the statute. It is quite competent for the legislature to prescribe what shall be the form of an indictment in a given case, provided in so doing they do not contravene any constitutional provision. The legislature have prescribed the form of the indictment as follows, to wit., "that the respondent became a dealer in intoxicating "liquors without having license therefor, contrary to the form of the

"statute in such case, made and provided, &c." This court have already held that one act of selling makes a man a dealer within the provisions of this act, and that, under an indictment of this kind, a man may be convicted of selling at different times and be subjected to distinct penalties. We have no doubt the legislature intended this form should be used, whether the amount sold at any one time was over or under twenty gallons, and the form does not require that fact to be avered in the indictment.

It is objected that the legislature in adopting this form have violated the 10th section of the constitution of this state, which provides that in all prosecutions, " the accused shall have the right to demand the cause and nature of his accusation." We think this complaint fully apprises the accused of the *cause and nature* of the accusation alleged against him, though it may not of the extent of the penalty for which the government may go; nor do we think that to be necessary. The penalty results as a consequence of the offence, and is not a part or parcel of the offence itself.

It is said that the complaint is bad because the court cannot tell what penalty to inflict upon conviction.

To this we answer, the penalty, upon a general conviction, must be for a single sale and for a quantity not exceeding twenty gallons; that is, it must be for the lesser offence. If a larger penalty is asked, the government must see to it, that a special verdict is returned, showing the extent of the conviction. This would preserve the rights of the accused, and enforce the law according to its spirit and provisions. It would be in analogy to prosecutions for larceny, where the jury find the value of the property stolen under seven dollars, though charged to be more in the indictment. Though we may not fully approve of the form of the complaint which the legislature have prescribed, yet we are not for that cause to repudiate the law, provided its provisions can be carried out, and the substantial rights of all persons preserved.

The replication to the plea in bar is a good answer to the *prima facie* effect of the matter pleaded in bar. It puts in issue the want of identity in the two *offences,* and by the demurrer, they are admitted not to be the same.

The judgment of this court is, that the defendant take nothing by his exceptions.