## ROBINSON v. HESSER, alias SCOTT.

*(Supreme Court of New Mexico.* January 31, 1887.)

ATTACHMENT—AFFIDAVIT—COMP. LAWS N. M. § 1951—SWORN BEFORE NOTARY PUBLIC.

In attachment proceedings an affidavit made by plaintiff's agent, in the form prescribed by Comp. Laws N. M. § 1951, sworn to before a notary public, is sufficient, and not open to attack for not disclosing who the plaintiff is, or that the affiant is the agent of plaintiff.

Appeal from district court, First district, San Miguel county.

Attachment proceedings. Judgment. Writ quashed. Judgment for plaintiff on merits. Plaintiff appeals.

*John D. W. Veeder,* for plaintiff.   *O'Bryan & Pierce,* for defendant.

BRINKER, J.   On the eighth day of June, 1886, Isaiah Robinson, the plaintiff, by John D. W. Veeder, his attorney, filed in the office of the clerk of the district court, sitting in San Miguel county, a declaration in *assumpsit,* against the defendant, Eleanor Hesser, *alias* Hallie Scott.   The declaration was in the usual common-law form, and contained the christian and surnames of both plaintiff and defendant in the commencement of it.   In the body of it the names of the parties were not repeated, but they were designated as "plaintiff" and "defendant."   On the same day the following affidavit was filed in said cause:

"*Territory of New Mexico, County of San Miguel:* This day personally appeared before me, the undersigned, a notary public in and for said county, in the territory aforesaid, John D. W. Veeder, agent for Isaiah Robinson, and, being duly sworn, upon oath says that Eleanor Hesser, *alias* Hallie Scott, is justly indebted to the said Isaiah Robinson in the sum of four hundred and twenty dollars and thirteen cents, after allowing all just credits and offsets; and that the said indebtedness accrued on account of goods, wares, merchandise and groceries sold and delivered by the said Isaiah Robinson to the said Eleanor Hesser, *alias* Hallie Scott, at her special instance and request; and that the said Eleanor Hesser, *alias* Hallie Scott, is about to remove her property and effects out of this territory, and has fraudulently concealed and disposed of her property and effects so as to defraud, hinder, and delay her creditors.                     JOHN D. W. VEEDER, Agent for Isaiah Robinson."

"Subscribed and sworn before me this seventh day of June, 1886.

"JOHN H. KOOGLER, Notary Public."

A bond was also executed and filed at the same time, in which it was recited that Isaiah Robinson, as principal, and Harvey Jones and John D. W. Veeder, as sureties, were firmly bound unto the territory of New Mexico in the sum of $842, upon condition that, as Isaiah Robinson had that day sued out an attachment against Eleanor Hesser, *alias* Hallie Scott, for the sum of $420.13, if said Isaiah Robinson should prosecute his suit without delay, and with effect, and refund all sums of money that might be adjudged to be refunded to the defendant, etc., then the bond to be void.   Thereupon a writ of attachment was issued, directed to the sheriff, commanding him to attach the goods and chattels, lands and tenements, of Eleanor Hesser, *alias* Hallie Scott, to satisfy the sum of $420.13; and that he summon said Eleanor Hes-

ser, *alias* Hallie Scott, to appear at the next term of court, and answer unto Isaiah Robinson in a suit, etc. This writ was served by delivering a copy to Eleanor Hesser, *alias* Hallie Scott, and by levying upon all her right, title, and interest in certain real estate described in the return.

At the next term defendant, having entered a special appearance for that purpose, moved the court to quash the writ of attachment for the reasons— *First*, the affidavit for attachment herein does not disclose who is the plaintiff or defendant; *second*, the said affidavit does not show that the defendant, John D. W. Veeder, is the agent of any plaintiff, or agent of the said Isaiah Robinson, or is authorized by any plaintiff to make said affidavit; *third*, that the said affidavit does not show that any plaintiff or that the said affiant has or had good reason to believe the existence of any of the grounds or reasons for attachment provided by statute; *fourth*, for other errors and insufficiencies appearing upon the face of said affidavit.

No action appears to have been taken on this motion until the November special term following, when it was sustained, and the writ quashed, to which plaintiff duly excepted. Plaintiff obtained judgment upon the merits, and brings the cause here by appeal.

The only question presented for our determination is the propriety of the action of the court in quashing the writ. Section 1923, Comp. Laws, allows creditors whose claims exceed $100 to sue their debtors in the district court by attachment in certain enumerated cases, among which are the following: When the debtor is about to remove his property or effects out of this territory, or has fraudulently concealed or disposed of his property or effects so as to defraud, hinder, or delay his creditors.

When a creditor desires to sue by attachment, section 1927 requires him to file in the office of the clerk of the district court a petition or other lawful statement of his cause of action, together with an affidavit and bond.

Section 1928 says: "The affidavit shall be made by the plaintiff, or some person for him, and shall state that the defendant is justly indebted to the plaintiff, after allowing all just credits and offsets, in the sum [to be specified in the affidavit,] and on what account; and shall also state that the affiant has good reason to believe, and does believe, the existence of one or more of the causes which, according to the provisions of section 1923, will entitle the plaintiff to sue by attachment." This section was first enacted in 1846, and has been carried down in the various compilations ever since.

Section 1950, authorizes any person who may wish to sue by attachment, where the debt exceeds $100, to file in the office of the district clerk, or the probate clerk, an affidavit and bond; thereupon a writ of attachment to issue as in ordinary eases of attachment in the district court.

Section 1951 says: "The form of said affidavit shall be as follows, to-wit:

"*Territory of New Mexico, County of* ——, *ss.:* This day personally appeared before me, the undersigned, clerk of the [district court, or probate court, as the case may be,] A. B., [or C. D., agent for A. B., as the case may be,] and, being duly sworn, says that E. F. is justly indebted to the said A. B., in the sum of —— dollars, after allowing all just offsets, and that the said E. F. is, [setting forth one of the causes of attachment.]

"A. B.,
"Or, C. D., Agent for A. B.

"Sworn to and subscribed before me this —— day of —— A. D. ——.
"——, Clerk."

This section and section 1950 were enacted in 1855.

The affidavit in this case, with the exception that it was sworn to before a notary public, was in every essential particular a copy of this form, with the additional requirements of section 1928, stating on what account the indebtedness arose. It was not vitiated because verified before a notary pu[

Section 1742 authorizes the secretary of the territory, and all duly commissioned and acting notaries public, to administer oaths in all cases where other officers may do so. The legislature has plenary power to regulate the practice and procedure in the courts, and to prescribe the forms of all pleadings, process, and other proceedings necessary to the proper, orderly, and speedy administration of justice in causes arising under the laws of the territory. *Hornbuckle* v. *Toombs*, 18 Wall. 648. In many states this rule has been carried so far that forms of indictments prescribed by the legislature in cases of felony have been sustained by the courts, if the substance of the offense is set out. *State* v. *Fancher*, 71 Mo. 460; *State* v. *O'Flaherty*, 7 Nev. 153; Cooley, Const. Lim. 309; *Newcomb* v. *State*, 37 Miss. 383; *Noles* v. *State*, 24 Ala. 672; *Cathcart* v. *Com.*, 37 Pa. St. 108; *State* v. *Comstock*, 27 Vt. 553.

In many of these cases the legislative form of indictment did not contain the first element of good criminal pleading at common law. They were sustained, correctly, as we think, on the ground that so long as the legislature does not contravene the organic law its control over forms of pleadings and methods of procedure is practically unlimited. From what has been said, it is clear that the form of affidavit laid down in section 1951 was within the province of the legislature to enact, and, the plaintiff having pursued that form in this case, we hold the affidavit sufficient, and not open to attack upon either ground stated in the motion. In this view, none of the authorities cited by appellee are in point.

It is said, however, that the act of which sections 1950, 1951, are a part, has been held by this court to be in conflict with the organic law; and the case of *Holzman* v. *Martinez*, 2 N. M. 271, is cited to sustain this position. While the court in that case expressed grave doubts as to the validity of so much of that act as authorizes probate clerks to issue writs of attachment, it purposely declined to pass upon that point, and says: "It is not necessary for the final disposition of the case to decide this question." The judgment was based upon another ground.

We might close this opinion here, were it not for the fact that the case of *Bennett* v. *Zabriski*, 2 N. M. 7, is cited as opposed to the doctrine we have announced. The court below seems to have considered that case in point, and binding authority upon it in this. In that case, Bennett Bros. & Co., a firm composed of Cornelius Bennett, Joseph E. Bennett, and Henry Lesinsky, sued one James A. Zabriski by attachment. The affidavit upon which the writ issued was in the statutory form, and was made by Joseph F. Bennett, of the firm of Bennett Bros. & Co., but did not set out the names of the individuals composing the firm. They were, however, properly stated in the declaration. The court held the affidavit insufficient, because the names of the members of the firm were not mentioned in it; citing Chitty's Pleadings and the Statutes of New Mexico, but neither page nor section of Chitty or the Statute is given. The language used is found on page 255, 1 Chit. Pl., and applies to declarations. Mr. Chitty further says: "The general rule is that the *declaration* should pursue the writ in regard to the christian and surnames of the parties." 1 Chit. Pl. 245. This is undoubtedly true in all cases where the statute has not otherwise provided, but it was not applicable to the facts before the court in that case. It was also held that the affidavit must be complete in itself; that, when it fails to set out the names of the parties correctly, resort cannot be had to the record or other papers in the cause to supply the omission; and that the affidavit could not be amended. The court does not discuss the statute, but seems to base its decision on common-law principles. It says the affidavit is an important pleading. If the affidavit is a pleading, we are unable to perceive, in view of the liberal provisions of our statute and the common law on that subject, why the court refused an amendment. Sections 9, 1911, Comp. Laws 1884; sections 26, 27, Comp. Laws 1865, c. 27; Steph.

Pl. § 75. No other authorities are cited to sustain the decision. On motion for re-hearing, a majority of the court, (S. C. 2 N. M. 176,) adhered to its former ruling; but Prince, C. J., dissented, and, in our opinion, correctly stated the law as applicable to the facts then before the court, and he is sustained by authority. The case mentioned having been relied upon by appellee, and followed by the court below, in quashing the writ, calls for some expression of opinion from us, both as to its application and its soundness. We think it distinguishable from the one now before us; but, viewing it in any light, we must decline to be governed by it, because, in our opinion, it is unsupported by reason or authority.

It follows that the judgment must be reversed, and the cause remanded, and it is so ordered.

Henderson, J. I concur.