# NEWPORT COUNTY.

———◆———

## STATE *vs.* THOMAS MURPHY.

In Pub. Laws R. I. cap. 596, § 1, of May 27, 1886, the words "and delivery" are limiting words; hence the keeping for sale of intoxicating liquors to be used as a beverage is criminal only when the liquors are to be both sold and delivered within this State.

Section 9 of the same chapter, although omitting the words "and delivery," provides a penalty for the offence of keeping for sale created by § 1.

A complaint under this chapter charged that the defendant, "without lawful authority, did . . . keep" . . . intoxicating liquors "with intent to sell the same in this State, to be used as a beverage, against the statute and the peace and dignity of the State." The complaint followed the form given in § 15 of the same chapter, with the addition of the words, "to be used as a beverage."

*Held*, that the complaint was sufficient in certainty though the words "and delivery" were omitted.

*Held*, further, that the words, "without lawful authority" and "against the statute," could be read as a proper part of the charge, the sufficiency of the complaint not being determinable by common law rules.

*Held*, further, that § 15 containing the form of complaint did not infringe the constitutional provision, *Constitution of R. I.* art. I. § 10, that in criminal prosecutions the accused shall "*be informed* of the nature and cause of the accusation."

EXCEPTIONS to the Court of Common Pleas.

A complaint and warrant issued against the defendant from the District Court of the First Judicial District for keeping for sale intoxicating liquors. After being adjudged guilty he appealed to the Court of Common Pleas, where he moved that the complaint be quashed for uncertainty, and on the dismissal of his motion brought the case by exceptions into this court.

April 8, 1887, this court requested counsel to submit briefs on the question, "Whether, within the meaning of Pub. Laws R. I. cap. 596, § 1, keeping 'for the purposes of sale and delivery within this State' differs from keeping 'for the purposes of sale within this State,' and if so, whether any punishment is prescribed by said chapter for keeping for the purposes of sale and delivery?"

The statutory provisions in question are printed in *State* v. *Duggan, ante,* p. 403 *sq.*

*Providence, June* 11, 1887. DURFEE, C. J. The defendant is complained of for keeping intoxicating liquors for sale in Newport on August 20, 1886. The complaint is made under Pub.

Laws R. I. cap. 596, of May 27, 1886.  The first section of cap. 596 enacts : " No person shall manufacture or sell, or suffer to be manufactured or sold, or keep or suffer to be kept on his premises or possessions or under his charge, for the purposes of sale and delivery within this State, any ale, wine, rum, or other strong or malt or intoxicating liquors, or mixed liquors a part of which is ale, wine, rum, or other strong or malt or intoxicating liquors, to be used as a beverage."  The complaint charges that the defendant, " without lawful authority, did then and there keep and suffer to be kept on his premises, in his possession and under his charge, ale, wine, rum, etc., with intent to sell the same in this State, to be used as a beverage, against the statute and the peace and dignity of the State."  The case comes up on exceptions to the refusal of the Court of Common Pleas to quash the complaint, " because no offence nor crime is alleged therein with the certainty required by law."  The only objection made to the complaint is that it does not follow the prohibitory clause above recited, in that it omits the words " and deliver " after the words " with intent to sell."  The complaint follows in this respect the form given in section 15 for prosecutions under section 9 of cap. 596.  Section 9 enacts : " If any person shall keep or suffer to be kept on his premises or possessions or under his charge, for the purposes of sale, in violation of any of the provisions of this act, any ale, wine, rum," etc., " he shall be fined twenty dollars, and be imprisoned in the county jail ten days."  It prescribes punishment for unlawful keeping.  It will be observed that it omits the words " and delivery " after the words " for the purposes of sale."  In *State* v. *Kane, ante,* pp. 395, 398, we remarked upon the omission, and, assuming that section 9 was intended only to prescribe punishment for the offence of keeping created by section 1, expressed the opinion that, if the words were not necessary in section 9 to make it effectual, they were likewise not necessary in the complaint to make the complaint sufficient.  It has occurred to us since then that section 9 is capable of a broader construction ; for the words, " in violation of any of the provisions of this act," may be regarded as qualifying, not all the preceding words of the section, but only the words immediately preceding, to wit, " for the purposes of sale."  Such a construction would make the offence of

keeping coextensive with the offence of selling, which, under the act, may be committed without delivery and in several ways. There are considerations which favor such a construction ; but section 9 so construed would indirectly create as well as punish the offence, and would completely supersede the clauses of section 1, which create the offence of keeping, because, as so construed, it is broader in its terms. Upon the whole, we think the construction, which we assumed in *State* v. *Kane* to be correct without having any other occur to our mind, is the more natural and reasonable. No one has questioned it, and we adhere to it.

The attorney general contends that a sale imports delivery as an essential part of it, and that, therefore, the words " and delivery " add nothing to the meaning, and may be treated as pure pleonasm. Generally, without doubt, indeed we may say almost universally, a sale involves delivery, or is completed only by delivery ; but occasionally, in exceptional cases, sale is completed without delivery, as for instance when the article bought is specific and is retained for the purchaser by the seller. In such a case the title passes, and if the article is lost by fire before delivery the loss falls upon the purchaser. We think, therefore, that the words " and delivery " must be held to have been inserted by way of limitation, so as to make the keeping of the prohibited liquors, for sale within this State to be used as a beverage, criminal only when the keeper intends not only to sell, but also to deliver as well as to sell, within this State.

Two questions arise under this construction. The first is whether section 9, seeing that it omits the words, can be held to prescribe a punishment for the offence. Of course it is our duty to construe the section so as to give effect to it, if we can reasonably. We think we can so construe it. We have seen that, though sales may be made without delivery, they almost always include delivery, and consequently to keep the prohibited liquors for the purposes of sale within this State, to be used for a beverage, is to keep them for sale in violation of section 1, whenever the keeper intends to sell them in the mode of sale which includes delivery. It follows that such a keeping is punishable under section 9, for that section extends to any keeping for the purposes of sale which is in violation of any provision of chapter 596.

The second question is whether the complaint is sufficient in point of certainty. The defendant contends that a complaint, to satisfy the rules of criminal pleading, should set forth specifically everything which it is necessary for the government to prove to establish the offence charged. Doubtless this is the common law rule, subject to some exceptions. The sufficiency of the complaint here is not determinable by common law rules. The complaint here is in the form given in section 15, except that it inserts the words "to be used as a beverage" immediately before "against the statute," etc., in which respect it is better than the form given. Section 15 provides that the form, if substantially followed in prosecutions under section 9, shall be sufficient in law to fully and plainly describe the offence. The complaint is therefore sufficient unless section 15 is unconstitutional. The Constitution, art. I. sect. 10, declares that in all criminal prosecutions the accused shall enjoy the right "to be informed of the nature and cause of the accusation." Section 15 violates this provision if the complaint which it sanctions fails to inform the accused of "the nature and cause of the accusation," but not otherwise. The technical precision of the common law rule is not exacted. Now we have seen that the offence of unlawful keeping can be committed in only one way, namely, by keeping the prohibited liquors for the purposes of sale and delivery to be used as a beverage, and that a sale, though it may be made without delivery, almost always includes delivery as an essential part of it. The complaint against the defendant is not simply that he kept the liquors for sale in this State to be used as a beverage, but that he so kept them "without lawful authority" and "against the statute," which necessarily imports that he kept them for sale in that mode of sale which includes delivery. The complaint, therefore, if these phrases may be taken as a proper part of the charge, does inform the accused of the nature and cause of the accusation, and, as the offence can be committed in only one way, informs him with absolute certainty.

Can the phrases be taken as a proper part of the charge ? We think they can. Even at common law there are offences which may be charged in terms which require a resort to the statute or common law for a discovery of the particular acts by which the offences

are committed. Thus it is sufficient to charge the following of-
fences in general terms without specifying what was done by the
accused to commit them, to wit: the offences of being "a com-
mon barrator," *Commonwealth* v. *Davis*, 11 Pick. 432; "a com-
mon scold," or "a common seller without license," *Commonwealth*
v. *Pray*, 13 Pick. 359; "a common railer or brawler," *Strat-
ton* v. *The Commonwealth*, 10 Met. 217; and "a common night-
walker," *State* v. *Russell*, 14 R. I. 506. So the offence of keep-
ing and maintaining "a place or tenement used for the illegal
sale and illegal keeping for sale of intoxicating liquors," may be
charged in those words, though what is an illegal sale or an illegal
keeping can only be learned by consulting the statute law, a law
which is subject to frequent changes, so that a sale or keeping
which is illegal to-day may not be so to-morrow, or may not have
been so at some earlier time. *Commonwealth* v. *Kimball*, 7 Gray,
328, 332, note; *Commonwealth* v. *Kelly*, 12 Gray, 175. So
liquors which are not actually "intoxicating" may be properly
complained of as "intoxicating" under a statute which declares
them intoxicating within its meaning. *Commonwealth* v. *Tim-
othy*, 8 Gray, 480. The foregoing cases show that even at com-
mon law the courts are inclined to apply the rules with some
accommodation, at least in the prosecution of minor statutory
offences.

In 1850 an act was passed by the legislature of Vermont "re-
lating to innkeepers and grocers, and regulating the traffic in in-
toxicating drink." It prescribed a penalty of twenty dollars for
selling without license in quantities exceeding twenty gallons, and
a penalty of ten dollars for selling less quantities without a license,
and provided that any offender guilty of more than one distinct
offence might be prosecuted and subjected to all such penalties
at the same time. It also provided a form of indictment or com-
plaint for all prosecutions, the charging part of which was simply
that at a time and place laid, the respondent "became a dealer in
intoxicating liquors without having license therefor in force, con-
trary to the form of the statute," etc. The Supreme Court of the
State held that one act of selling made a man a dealer under the
act, and that, under an indictment in the form given, a man might
be convicted of selling at different times and be subjected to dis-

tinct penalties. "We have no doubt," say the court, "the legis-
lature intended this form should be used, whether the amount sold
was over or under twenty gallons, and the form does not require
that fact to be averred in the indictment." To the objection that
the form was in conflict with the provision of the Constitution,
that "in all criminal prosecutions the accused shall have the right
to demand the cause and nature of the accusation," the court re-
plied : " We think this complaint fully apprises the accused of the
*cause and nature* of the accusation, though it may not of the ex-
tent of the penalty for which the government may go, nor do we
think that to be necessary. The penalty results as a consequence
of the offence, and is not a part or parcel of the offence itself."

To the objection that the complaint was bad because the court
could not tell what penalty to inflict upon conviction, the answer
of the court was that upon a general conviction the penalty must
be for a single sale and the lesser offence, and that, if a larger
penalty were asked, the government must have a special verdict
returned, showing the extent of the conviction, which, said the
court, " would preserve the rights of the accused, and enforce the
law according to its spirit and provisions." The court thought it
was no objection to the complaint that it was bad at common law,
provided that it was not repugnant to the Constitution. They say:
" Though we may not fully approve the form of the complaint
which the legislature have prescribed, yet we are not for that
cause to repudiate the law, provided its provisions can be carried
out, and the substantial rights of all persons preserved." *State* v.
*Comstock*, 27 Vt. 553. See, also, *State* v. *Freeman*, 27 Vt. 523 ;
*State* v. *Rowe*, 43 Vt. 265. These Vermont cases go much further
than it is necessary to go to support the form of complaint used
here, since, as we have seen, the offence of illegal keeping under
our statute can be committed in only one way, and is subject to
only one punishment.

At common law the offence complained of must be fully set
forth in all its essential particulars, independently of the conclud-
ing words, "against the statute," etc., the office of those words
being to show that the offence is statutory. 2 Hale Pleas of the
Crown, 170; 2 Hawkins Pleas of the Crown, cap. 25, § 110.
The rule is technical, and we see no reason why, when the com-

plaint is in a form declared to be sufficient by statute, the words may not be read as a part of the charge if the charge without them would not set forth the offence with completeness. *State* v. *Kane, ante,* p. 395.

Our conclusion is that the exceptions must be overruled and the cause remitted for sentence.              *Exceptions overruled.*

*Edwin Metcalf,* Attorney General, for plaintiff.

*Charles E. Gorman & William P. Sheffield, Jun.,* for defendant.