STATE

v.

Ann LEWIS.

No. 83–178–C.A.

Supreme Court of Rhode Island.

Dec. 1, 1983.

Frederick Cass, Providence, for defendant.

John Spirito, Jr., Sp. Asst. Atty. Gen., Providence, Dennis J. Roberts, II, Atty. Gen., for plaintiff.

## OPINION

PER CURIAM.

This case came before the court on an order to show cause why the defendant's appeal should not be dismissed. After reviewing the record and hearing the arguments of counsel on October 3, 1983, we conclude that cause has not been shown. Ann Lewis, the defendant, appeals from a Superior Court jury conviction of shoplifting in violation of G.L.1956 (1981 Reenactment) § 11–41–20.

On August 7, 1980, defendant was observed by a store detective at the Zayre's department store in North Kingstown, Rhode Island, concealing several retail items in her handbag. She was apprehended upon leaving the store, detained, and ultimately turned over to the North Kingstown police. The defendant was found guilty in District Court and requested a jury trial in Superior Court.

At the District Court trial, the state introduced as evidence the items concealed by defendant and later recovered by the store detective. This evidence, however, was not introduced at the Superior Court trial. Apparently, the merchandise had been described in the police report and then returned to the merchant, in accordance with what the state describes as standard police procedure in simple shoplifting cases. The items were then lost or resold by the merchant.

This is clearly not a case of nondisclosure of material evidence. Indeed, defendant stipulated that the unavailability of the evidence involved no bad faith on the part of the state. The defendant argues, nevertheless, that the loss of the evidence deprived her of a fair trial and violated her rights under § 11–41–15.

■ With regard to defendant's constitutional claims, it is well settled that the prosecution has a duty to preserve discoverable evidence. *United States v. Grammatikos,* 633 F.2d 1013, 1019 (2nd Cir.1980). Failure to do so, however, does not necessarily warrant the imposition of sanctions.

In *United States v. Bryant,* 439 F.2d 642 (D.C.Cir.1971), a tape recording made by the government of conversations between an undercover agent and the defendant were unaccountably lost. In remanding the case for a consideration of the degree of bad faith or negligence on the part of the government, the court adopted a balancing test. The lower court was instructed to "weigh the degree of negligence or bad faith involved, the importance of the evidence lost, and the evidence of guilt adduced at trial in order to come to a determination that will serve the ends of justice." *Id.* at 653.

The Second Circuit utilized a similar analysis in *United States v. Grammatikos,* 633 F.2d 1013 (2nd Cir.1980). The court stated that the appropriateness and extent of sanctions should be determined by a "case-by-case assessment of the government's culpability for the loss, together with a realistic appraisal of its significance when viewed in light of its nature, its bearing upon critical issues in the case and the strength of the government's untainted proof." *Id.* at 1019–20.

■ In the present case, there is no indication that the state acted in bad faith or was negligent with regard to the loss of the evidence. Furthermore, the items themselves—pillow cases, two sheets, an extension cord, and two bottles of perfume—were not difficult for the jury to visualize. A realistic appraisal of the nature of this physical evidence does not lead to the conclusion that defendant was prejudiced by the state's inability to present it at the Superior Court trial. Most importantly, the state's untainted proof, the eyewitness testimony of the store detective, was strong, independent evidence of defendant's guilt.

The defendant also argues that the state's failure to preserve the evidence violated her rights under § 11–41–15. That section provides for the return of recovered stolen property to the owner if certain pro-

cedures are followed by the police. Once a description of the property has been entered and the individual articles marked, the statute requires, inter alia, that a complete photographic record of the property be made. This photographic record may then be introduced as evidence in any court of this state in place of the actual alleged stolen property. This procedure was not followed in this case.

■ The state argues that compliance with § 11–41–15 is not necessary in that it does not apply to shoplifting cases. It is the state's position that shoplifting must be distinguished from "robbery" and "larceny" as those terms are used in the statute. We disagree.

■ Section 11–41–15 provides that the property secured as a result of the apprehension of a principal or accessory in any robbery or larceny shall be subject to the procedures for preservation of evidence described therein. Contrary to the state's argument, shoplifting is a form of larceny. 50 Am.Jur.2d *Larceny,* § 50 (1970). We note that the Legislature codified shoplifting as a crime to be included in the larceny chapter, along with the evidence-preservation statute. Although it is true that a shoplifting statute creates a separate and distinct offense with some elements that differ from larceny, shoplifting is nevertheless included within the offense of larceny, in the ordinary use of the term. *State v. Cabbell,* 252 N.W.2d 451, 453 (Iowa 1977).

Pursuant to § 11–41–1, it is larceny to steal the property of another. We have defined the word "steal" as follows: "to wrongfully, and with the intent of committing a felony or crime thereby, take and carry away the property of another." *State v. Smith,* 56 R.I. 168, 178, 184 A. 494, 499 (1936). Shoplifting is defined in the same manner with the additional element that

the goods must be taken from a retail establishment. Section 11–41–20(b)(1).

■ The shoplifting statute also includes elements of the offense that were not found at common law. With regard to these elements it might be said that larceny is included in the offense of shoplifting. *See Slye v. State,* 42 Md.App. 520, 526, 401 A.2d 195, 199 (1979). Nevertheless, each element of the offense set forth in § 11–41–20 requires that the proscribed act be committed with the intention of depriving the merchant of all or part of the retail value of the merchandise. This is sufficient to bring the offense of shoplifting within the definition of larceny for purposes of applying § 11–41–15.

■ We find, therefore, that the provisions of § 11–41–15 are applicable to shoplifting cases. Although the terms of the statute are relevant, we decline to adopt a rule that a violation thereof requires automatic reversal in the absence of demonstrated prejudice. An examination of the record indicates that although the state did not comply with the statute, defendant was not prejudiced. The evidence of guilt was overwhelming. The physical evidence was adequately described in the form of eyewitness testimony. There is no likelihood that the jury was in any way misled or confused by the absence of specific items which had been stolen or by the absence of photographic evidence thereof.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction appealed from is affirmed, and the case is remanded to the Superior Court.