**STATE**

v.

**Raymond WAITE.**

**No. 83–601–C.A.**

Supreme Court of Rhode Island.

Nov. 27, 1984.

---

Dennis J. Roberts II, Atty. Gen., Marc DeSisto, Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Janice M. Weisfeld, Asst. Public Defender, for defendant.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on appeal by the defendant following his conviction in Superior Court of first-degree sexual assault, assault with a dangerous weapon, and robbery. We affirm.

On October 8, 1982, a Providence County Grand Jury returned a three-count indictment. Count 1 charged Raymond Waite with "sexual penetration with [victim] in violation of § 11–37–2 and § 11–37–3 of the General Laws of Rhode Island, 1956, as amended, (Reenactment of 1981)." Count 2 charged him with assault with intent to murder, in violation of G.L. 1956 (1981 Reenactment) § 11–5–1. Count 3 charged him with robbery in violation of G.L. 1956 (1981 Reenactment) § 11–39–1. The jury found Waite guilty of first-degree sexual assault and robbery, but on count 2 found him guilty of the lesser-included offense of assault with a dangerous weapon.

On appeal, Waite raises three issues: (1) the denial of his motion to dismiss count 1 of the indictment on the grounds that it was fatally defective, (2) the denial of his motion to prevent the victim from testify-

ing, and (3) the prevention of defendant from cross-examining the victim about an article that appeared in a newspaper.

The defendant's first contention is that count 1 of the indictment was fatally defective because it violated article I, section 10 and amendment XL of the Rhode Island Constitution and the Sixth Amendment of the United States Constitution, which provide that a person accused of a capital offense has the right to be charged by way of indictment and "to be informed of the nature and cause of the accusation." Article I, sec. 10, of the Rhode Island Constitution "signifies that the charge in an indictment shall be sufficient in law to fully and plainly identify the offense with which a defendant is sought to be charged * * * so that he may defend the same and later plead a conviction or acquittal in bar of a subsequent charge for the same offense * * *." *State v. Domanski,* 57 R.I. 500, 504, 190 A. 854, 857 (1937).

Count 1 of the indictment charged Raymond Waite with "sexual penetration with [victim] in violation of § 11–37–2 and § 11–37–3 of the General Laws of Rhode Island, 1956, as amended, (Reenactment of 1981)." Section 11–37–2 defines first-degree sexual assault and specifically makes criminal sexual penetration with another person, not the spouse of the accused, if any one of five of the following circumstances exist:

(A) The victim is under thirteen (13) years of age.[1]

(B) The accused knows or has reason to know that the victim is mentally incapacitated, mentally defective, or physically helpless.

(C) The accused uses force or coercion.

(D) The accused, through concealment or by the element of surprise, is able to overcome the victim.

(E) The accused engages in the medical treatment or examination of the vic-

1. In 1984, G.L. 1956 (1981 Reenactment) § 11–37–2 was amended by P.L. 1984, ch. 59, § 1, and P.L. 1984, ch. 355, § 1; the circumstance involving a victim under thirteen years of age was deleted.

tim for the purpose of sexual arousal, gratification or stimulation.

The circumstance relevant to defendant's criminal conduct in this case falls within subsection (C), which refers to sexual penetration by "force or coercion." The defendant argues that the state's failure to cite to this subsection in count 1 rendered the indictment fatally defective not only because it failed to inform him of the nature and cause of the accusation as is required by art. I, sec. 10, of the Rhode Island Constitution but also because "sexual penetration" by itself is not a criminal act. According to defendant, had the indictment not alleged a violation of § 11–37–2 and –3, it would not have charged a crime at all. The state argues that since count 1 alleged a sexual penetration in violation of § 11–37–2, defendant knew he was being charged with first-degree sexual assault. Therefore, the state concludes, count 1, although inartfully drawn, is valid because a crime is charged and defendant is put on notice.

■ The technical precision of the common law rule of criminal pleading that required that a complaint set forth specifically everything that was necessary for the government to prove to establish the offense charged is no longer required. *State v. Murphy*, 15 R.I. 543, 546, 10 A. 585, 587 (1887). At common law it was necessary because the defendant received little else in the way of information about the charges to be defended against. Today, with Rules 7 and 16 of the Rules of Criminal Procedure of the Superior Court providing for bills of particulars and complete discovery, a person accused of an offense in general terms can effectively obtain detailed information concerning the underlying circumstances presented in support of the accusation. For this reason, the court in *State v. Crescenzo*, 114 R.I. 242, 249, 332 A.2d 421, 426 (1975), decided that "one's constitutional right to be notified of the nature and cause of criminal accusation made against him does not require an indictment to be drawn with the precision exacted by the common law." *See State v. Davis*, 39 R.I. 276, 281, 97 A. 818, 820 (1916).

■ When defendant was charged with "sexual penetration with [victim] in violation of § 11–37–2 and –3," he could have had no doubt about the nature and cause of the accusation against him. The defendant knew he was being charged with committing first-degree sexual assault on a victim who was not his spouse. The indictment also indicated the time and place of its commission. Thus, the charge was set forth with "legal sufficiency to notify the [defendant] of the substantial elements of the charge and to prevent [his] being put upon trial a second time for the same offense." *State v. Smith*, 56 R.I. 168, 181, 184 A. 494, 500 (1936).

■ "When an indictment is otherwise sufficient, a lack of evidentiary details establishing the facts of the offense does not invalidate that indictment since defendant's remedy lies in a motion for bill of particulars." *State v. Concannon*, R.I., 457 A.2d 1350, 1355 (1983). We concede that count 1 of the indictment was inartfully drawn in that it failed to refer directly to subsection (C), which specified the circumstance pertaining to defendant's criminal conduct. Nevertheless, count 1 was otherwise sufficient because defendant, having been put on notice that he was being charged with first-degree sexual assault, suffered no prejudice—nor does he claim any. Moreover, the bill of particulars for which defendant moved with respect to counts 2 and 3 (he made no motion as to count 1) was sufficient to provide him with the specific circumstance of force or coercion underlying the formal offense charged in count 1. *See State v. Tweedie*, R.I., 444 A.2d 855 (1982); *State v. Berberian*, R.I., 416 A.2d 127 (1980).

■ The court is fully satisfied that count 1 and the bill of particulars provided defendant with sufficient detail of the charges against him and the crime alleged to enable him to prepare a defense and to protect himself against double jeopardy.

We caution the state, however, that failure to use the full statutory language or common law terms or failure to make full reference to the statute and its appropriate subsections could result in dismissal of the indictment in the event that demonstrable prejudice should result to a defendant.

The defendant next contends that the denial of his motion to exclude the victim from testifying violated his Sixth Amendment right to confront and cross-examine his accuser and deprived him of his right to due process under the Fourteenth Amendment.

According to the state's evidence, after the assault on June 12, 1982, and prior to contacting the police on June 14, 1982, the victim had several conversations with a worker from the Rhode Island Rape Crisis Center. The worker's notes of these conversations became part of the center's records. It was public knowledge that the center was considering the destruction of its records. For this reason, defendant moved on January 13, 1983, for a protective order covering the records of this victim. In addition, he prepared a subpoena duces tecum for the records to be brought into court for a hearing on January 18, 1983. Service of the subpoena was not accomplished until January 17, 1983, after the center's records had already been destroyed. Because of this fact, defendant moved prior to trial for the exclusion of the victim's testimony. This motion was denied. At trial, defendant attempted to cross-examine the victim on the destruction of these records. The trial justice sustained objections to this line of questioning.

Because the Rape Crisis Center worker was listed by the state as a witness whom it intended to call at trial (although ultimately she was not called by the state to testify), defendant argues that her notes of the victim's statements were discoverable pursuant to Rule 16(a)(7), which entitles defense to written statements of such witnesses. The defendant contends that the state made no attempt to gain possession of the center's records but stood idly by while the records were destroyed, even though it was well known that the center was contemplating their destruction. He asserts that his motion to exclude the victim from testifying should have been granted because the records of her statements to the counselor, which may have contained exculpatory evidence, were· discoverable and the state failed to carry out its duty to preserve this discoverable evidence.

The defendant relies on *United States v. Bryant*, 439 F.2d 642 (D.C.Cir.1971), to establish that the state violated its duty to preserve discoverable evidence. In *Bryant* the court announced that "[t]he duty of disclosure affects * * * the Government as a whole, including its investigative agencies." *Id.* at 650. However, nowhere in *Bryant* did the court suggest that the duties of disclosure and preservation are violated by the state when a private, nongovernmental agency destroys evidence within its sole possession, custody and control.

■ In *State v. Lewis*, R.I., 467 A.2d 1387 (1983), this court, in a per curiam opinion, recognized as well settled the prosecutorial duty to preserve discoverable evidence. We noted, however, that a failure to carry out that duty does not necessarily warrant the imposition of sanctions. *Id.* 467 A.2d at 1388. Before a court would issue such sanctions the defendant must show (1) that the state acted in bad faith or was negligent with regard to the loss of the evidence and (2) that the defendant was prejudiced thereby. *Id.*

■ In the case before us, there is no indication that the state acted in bad faith or was negligent. The records were destroyed by employees of the Rape Crisis Center at the direction of its board of directors. The state is not responsible for the actions of a private agency that destroys its own records. At no time were these records within the possession, custody, or control of the state. The defendant's simple assertion that the records

were destroyed while the state "stood idly by" is not enough to warrant a finding of either bad faith or negligence. Furthermore, in the absence of any factual basis from defendant, any prejudice alleged from the loss of the records of notes of conversations between the counselor and the victim is mere speculation. Therefore, denial of defendant's motion was proper.

Finally, defendant contends that preventing him from cross-examining the victim about an article that appeared in a newspaper denied him his Sixth Amendment right to confront and cross-examine his accuser and deprived him of his right to due process under the Fourteenth Amendment.

During cross-examination of the victim in a hearing outside of the presence of the jury, defendant asked her whether in January 1983 she became worried that her Rape Crisis Center records might be turned over to the defense. She replied that she wasn't worried about her records in particular because she had nothing to hide. He then asked her if she had expressed to a writer for a newspaper relief that the records had been destroyed. She replied that she didn't know anything about it. On objection by the state, defendant was prevented from showing the newspaper article to the victim so that he could question her further with regard to it. The trial justice ruled that questioning on the article was not probative of anything legally relevant, and that it would not advance the factfinding process to inquire into whether she was the person referred to in the article.

The defendant argues that preventing him from cross-examining the victim about the article precluded cross-examination on a line of relevant inquiry since the destroyed records may have contained exculpatory evidence or may have contained information inconsistent with her trial testimony. The defendant contends that the trial justice exceeded her discretionary authority to limit cross-examination, which " 'comes into play [only] after there has been permitted as a matter of right sufficient cross-examination to satisfy the Sixth Amendment.' " *State v. DeBarros*, R.I., 441 A.2d 549, 552 (1982). The state argues that the trial justice acted properly because the article was irrelevant to the issues at trial and defendant had ample opportunity to cross-examine the victim and impeach her on her story. The state contends that defendant was not even certain the victim was the subject of the article but was simply fishing for exculpatory statements he could not be sure existed.

■ The United States Supreme Court recognizes the right of cross-examination as a primary interest secured by the confrontation clause and "the principal means by which the believability of a witness and the truth of his testimony are tested." *Davis v. Alaska*, 415 U.S. 308, 315–16, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347, 353 (1974). The scope of this right, however, is a matter of judicial discretion. *State v. Edwards*, R.I., 478 A.2d 972, 974 (1984).

■ We conclude that the trial justice's ruling was a proper exercise of her discretionary authority. The victim had testified that she had nothing to hide in the records and that she didn't know anything about the article. Her response was·clear, direct, and unequivocal. Since "[t]he right to cross-examination does not include the right to ask repetitive questions * * *," the trial justice was not obliged to allow defendant to persist with this line of inquiry. *State v. Eckhart*, 117 R.I. 431, 436, 367 A.2d 1073, 1076 (1977); *see also Alford v. United States*, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *State v. Capone*, 115 R.I. 426, 347 A.2d 615 (1975).

The defendant cross-examined both the victim and the Rape Crisis Center worker who had made the notes in question. This cross-examination afforded the defendant adequate opportunity to test the credibility of the victim and to ascertain whether any exculpatory statements had been made. There was no error in preventing further cross-examination about the newspaper article.

For these reasons, the defendant's appeal is denied and dismissed. The judgment of convictions appealed from are affirmed, and the papers of this case are remanded to the Superior Court for further proceedings.