## ROBERT LOUIS BROWN *v.* STATE
## OF MARYLAND

[No. 223, September Term, 1969.]

*Decided January 14, 1970.*

The cause was argued before MURPHY, C.J., and AN-DERSON, MORTON, ORTH, and THOMPSON, JJ.

*John D. Hackett* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, 'Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Barry S. Frame, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

Robert Louis Brown (appellant) was found guilty by a jury in the Criminal Court of Baltimore of assaulting Phillip C. Green with intent to murder him, of assaulting and beating him, and of attempting to rob him with a deadly weapon. A general sentence of 15 years was imposed on the first two convictions and a sentence of 20 years on the third conviction to run concurrently with the 15 year sentence.

On 9 August 1967 appellant filed written pleas of not guilty, "not guilty by reason of insanity at the time of the offense," and "not guilty by reason of insanity at the present time and cannot adequately aid his attorneys in

the presentation of his defense." [1] On 26 and 27 September 1968 an evidentiary hearing was held on the issue of his competency to stand trial and the court, applying the proper test, determined that he was so competent. The case came on for trial on 21 January 1969 under pleas of not guilty and that he was insane at the time of the commission of the alleged crimes.

Appellant presents two questions relating to the insanity issue. He asks, (1) "Was not the jury clearly wrong in finding sanity beyond a reasonable doubt?;" and (2) "Did not the court err in refusing to answer the jury's question" which they asked during the course of their deliberations?

### (1)

Appellant does not contest the determination that he was competent to stand trial. And we find it clear that the evidence adduced on the issue raised by his plea that he was insane at the time of the commission of the alleged offense was sufficient to raise a doubt as to his sanity in the minds of reasonable men. Thus, the threshold question of doubt as to appellant's responsibility being surmounted, evidence as to his insanity was properly placed before the jury. The burden of persuasion was then on the State to convince the jury that appellant was sane. The jury could properly determine that appellant was sane if the relevant and material evidence before them was sufficient for them to so find beyond a reasonable doubt. *Strawderman v. State, supra; Rozzell v. State, supra.* By a special verdict the jury found that the appellant was sane at the time of the commission of the crimes. See *Mahoney v. State,* 8 Md. App. 44; *Turner v. State,* 5 Md. App. 584. The question of the sufficiency of the evidence on this issue comes before us on appellate

---

1. As the case was scheduled for trial after 1 June 1967 the provisions of Chapter 709, Act 1967, codified as Md. Code, Art. 59, §§ 7-12, were applicable. We discussed the tests and procedure to be followed, including the proper pleas, with respect to competency to stand trial and responsibility for criminal conduct under Chapter 709 in *Strawderman v. State,* 4 Md. App. 689, 691-698. See also *Rozzell v. State,* 5 Md. App. 167.

review as does the question of the sufficiency of the evidence to sustain a verdict of guilty in a jury trial, namely on the denial of a motion for judgment of acquittal made at the close of all the evidence. Such motion was here made and denied. The test to be applied by us in determining the sufficiency *vel non* of the evidence to sustain a verdict of sanity is the same as the test applied in our determination whether the evidence was sufficient to sustain a verdict of guilty. The evidence must show directly the fact to be proved or support a rational inference of the fact. The fact must be shown or the inference supported beyond a reasonable doubt. *Williams v. State,* 5 Md. App. 450, 452-460.[2] But the weight of the evidence and the credibility of the witnesses are matters for the jury. *Shelton v. State,* 198 Md. 405; *Graef v. State,* 1 Md. App. 161.

In the instant case there was testimony by expert witnesses produced by the State that appellant was sane at the time of the commission of the crimes within the meaning of Code, Art. 59, § 9. Dr. James A. Addison, Staff Psychiatrist, Clifton T. Perkins State Hospital, said that he examined appellant and made a psychiatric evaluation of him. Appellant was also given psychological testing, an electroencephalogram was obtained, and a social service investigation was made. It was the opinion of Dr. Addison that appellant was sane "under the law" and this was also the unanimous opinion of those psychiatrists participating in a psychiatric staff conference with reference to appellant.[3] This evidence was sufficient to sustain the special verdict of the jury that appellant was sane at the time of the commission of the offenses. That

2. We note that while the clearly erroneous rule (Md. Rule 1086) is not specifically applicable to jury cases, the rationale is the same. *Williams v. State, supra,* at 458.

3. Those present at the conference were "Dr. Reiner, our Clinical Director, Dr. Pescor, who is Board qualified, certified, Dr. Freinek, who is the Director of Forensic Medicine for the Department of Mental Hygiene for the State, Dr. Sauer, staff phychiatrist, Dr. Adamo, psychiatrist, Addison, Dr. Cuervo and Dr. Mackay staff psychiatrist, Dr. Kamm, psychologist, Miss Tillery, Miss Spevak."

there was other evidence adduced tending to show that appellant was insane does not compel us to hold that the verdict was improper. It was the jury's function to resolve the conflicting evidence and it did so. There being evidence sufficient to support the jury's verdict we hold as a matter of law that it was proper.

### (2)

While the jury were deliberating their verdict they sent the court a note which read: "If Mr. Brown, the Defendant, is found insane by the jury, will he be allowed to go free or will he be put in a mental institution?" The court did not refuse to answer the question, but after making its receipt and contents known to counsel and appellant and entertaining argument in appellant's presence but out of the presence of the jury, sent the jury a reply as follows: "If the defendant is found not guilty by reason of insanity, the disposition will be made by the Court in accordance with the law of Maryland." We see no reversible error in this response to the jury's question. The question as posed sought information as to whether the court would release appellant or confine him to a mental institution if the jury found him insane. The information requested was in nowise relevant or material to the jury's function of determining the sanity *vel non* of appellant. Such determination could only be properly made by them on the evidence pertinent thereto before them; the disposition to be made by the court in the event that the jury determined appellant was insane could play no part therein. In such event the disposition of appellant was in the discretion of the court. It could release him or it could, within the provisions of Code, Art. 59, § 11, have him confined in a mental institution. The court's response to the inquiry was a fair one in that it informed the jury that disposition would be made as the law permitted and did not improperly influence the jury's determination of the issue before them. It would have been manifestly improper for the court to declare to the jury what it would do if the jury found

appellant insane, just as it would be improper for a court to tell a jury what sentence it would impose if the jury returned a verdict of guilty of a substantive offense.

### (3)

Appellant also asks: "Did not the court err by not applying the doctrine of merger when imposing sentence?" He claims that either the assault with intent to murder merged into the attempted robbery with a deadly weapon or that the robbery with a deadly weapon merged into the assault with intent to murder. We do not agree that either offense merged upon conviction of the other. Neither offense necessarily involved the other; the facts necessary to prove either offense were not essential elements in establishing the other. *Smith v. State,* 6 Md. App. 114, 117; *Stewart v. State,* 4 Md. App. 565, 569. To establish force and violence in the attempted robbery with a deadly weapon it was not necessary to show that the assault constituting the force and violence was with intent to murder; to establish assault with intent to murder it was not necessary to prove an intent to rob. See *Veney v. State,* 227 Md. 608; *White v. State,* 7 Md. App. 416.

Appellant also claims that the assault and battery merged into the assault with intent to murder. The evidence showed that when the victim did not give appellant money demanded at knifepoint, appellant attacked him, stabbing him in the back and slashing him in the chest and cutting him on the left forearm, as a result of which the victim was in the hospital for 26 days. Here the facts necessary to prove assault and battery were essential ingredients of the assault with intent to murder and upon conviction of the latter offense, the former offense merged therein. *Thomas v. State,* 3 Md. App. 101, 105. We shall therefore vacate the conviction of assault and battery but as a general sentence was imposed on that conviction and on the conviction of assault with intent to murder, the sentence will not be disturbed.

We note, however, that the question of merger was

not raised below. We have in the past, as we do here, taken cognizance of merger of offenses when the question was raised on appeal even though not raised below. We did so to establish clearly the doctrine of merger to be applied in this jurisdiction. We think it has now been clearly established and point out that we shall be more inclined to invoke Md. Rule 1085 in this regard in the future.

> *As to Indictment No. 3690 the judgment under the first count, attempted robbery with a deadly weapon, is affirmed; As to Indictment No. 3691: the judgment of conviction of assault with intent to murder and sentence of 15 years under the 1st count is affirmed; the conviction of assault and battery under the second count is vacated as merging into the conviction of the offense charged in the 1st count.*