## JAMES GEORGE ROSE *v.* STATE OF MARYLAND

[No. 1327, September Term, 1976.]

*Decided September 15, 1977.*

The cause was argued before GILBERT, C. J., and DAVIDSON and MELVIN, JJ.

*John A. Austin, Assigned Public Defender,* for appellant.

*Alexander L. Cummings, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,*

*Sandra A. O'Connor, State's Attorney for Baltimore County,* and *Bruce Bellin, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

In the Circuit Court for Baltimore County, Judge John N. Maguire found James George Rose, the appellant, guilty of robbery and assault with intent to rob. He sentenced the appellant to two consecutive five-year terms.

At the trial it was stipulated that the State's witnesses, Mr. and Mrs. Dillhoff, would have testified that the appellant approached them at about 12:30 a.m., while they were unloading luggage from their car at a Holiday Inn. He told them, "I have a gun and you know what I want." Mr. Dillhoff gave the appellant $10. The appellant then ran away.

It was further stipulated that another State's witness, a police officer, would have testified that when the appellant was arrested he had $11 on his person. He also would have testified that in a written statement to the police, the appellant admitted that he approached the Dillhoffs but denied that he made the statement the Dillhoffs attributed to him or took $10 from them. According to the appellant's statement, he had offered the Dillhoffs $10 to give him a ride to the city line.

The appellant, who elected to testify, said that at about 2 p.m. on the afternoon before the alleged crime, he received a paycheck. He spent the evening drinking at various bars and clubs. At about 11:30 p.m., he was riding home in a car with his wife and some others. After an argument arose, he left the car. At that time he was drunk and had $12 in cash in his pocket. He stood at the entrance to a Holiday Inn trying to "get a ride from whoever was coming out." He approached a man and a woman who had gotten out of a car and offered to pay them money if they would give him a ride. As he reached into his vest pocket to take out some money, the woman panicked and screamed, "Robbery." When the man attempted to hit him, he left.

The appellant denied that he had a gun, or that he demanded or took any money from the Dillhoffs. When asked by his attorney to explain the source of the money then in his possession, he responded that he would "not go into that." On cross-examination, when asked whether it was a coincidence that he had $11 in his possession at the time of his arrest, he gave an unresponsive answer. When questioned by the court concerning prior convictions, he indicated that he had been convicted twice of burglary, once of assault, and several times for various misdemeanors.

I

The appellant contends that the evidence was insufficient to support his convictions. He points out that all of the State's evidence was entered by stipulation and that his trial testimony contradicted the stipulated testimony. He maintains that there was no basis upon which the trial court could judge the credibility of the State's witnesses and resolve the conflict in the evidence. He asserts that under these circumstances the trial court's finding of guilt was arbitrary and capricious.

In *Barnes v. State*,[1] the accused was charged with shoplifting. Conflicting evidence was offered by way of stipulation as to whether she had concealed the merchandise. The prosecutor stated that an employee of the grocery store would have testified that while she stood in the checkout line, Miss Barnes put a box of sugar in her shoulder bag and zipped the bag closed. Defense counsel proffered that Miss Barnes would have testified that while standing in line with "her hands full of groceries," she put the box of sugar in her shoulder bag which remained open with the sugar box "sticking out." This Court commented [2] that:

"There was evidence, which, if found credible, was sufficient in law to support a finding that Barnes concealed the merchandise, and there was evidence,

---

1. 31 Md. App. 25, 354 A. 2d 499 (1976).
2. *Id.* at 34-36, 354 A. 2d at 505-06.

which, if found credible, was sufficient in law to support a finding that Barnes did not conceal the merchandise. As is patent from the verdict, the court resolved this conflict by believing the State's witness, and accepted that version of what occurred, finding as a fact that Barnes concealed the merchandise. It necessarily follows, that in order to find beyond a reasonable doubt that the offense was committed and that Barnes committed it, the court did not believe Barnes, and rejected her version that she did not conceal the merchandise. Ordinarily, this would be perfectly proper.

. . .

"The rub here is that, in the circumstances, there was no proper basis on which the court could resolve the conflict. Certainly, neither the State's evidence nor the defense's evidence was inherently incredible. Neither witness from whom the evidence emanated appeared before the court; the court was merely told what the witnesses would say if they testified. There were simply no factors apparent from the record before us which would enable the court to judge the credibility of either witness, or the reliability of the evidence offered through them.

. . .

"For the trier of fact to determine the ultimate facts on such conflicting evidence, there must be some basis on which to judge the credibility of the witness whose testimony is the subject of the stipulation, or to ascertain the reliability of that testimony, to the end that the evidence obtained by stipulation may be weighed against other relevant evidence adduced.

. . .

> "*We can conceive of a variety of factors which would afford the fact-finder the opportunity to judge the credibility of a witness, or the reliability of the evidence offered through him, without observing the witness, but they are best left to a case by case consideration. . . .* [Here there was] no opportunity for the fact-finder either to judge the credibility of the witnesses through whom the conflicting evidence was offered by stipulation, or to ascertain the reliability of that evidence. Without such opportunity, there was no proper way to resolve the evidentiary conflicts in order to determine ultimate facts which would be sufficient in law to sustain a verdict of guilty." (Emphasis added.)

The court held that the evidence was insufficient and reversed.

Here, unlike *Barnes*, the trial court had before it factors which enabled it to judge the credibility of the witnesses or the reliability of the evidence offered through them. The appellant appeared before the court and testified. Consequently, the court had an opportunity to observe his demeanor and to consider his prior burglary convictions in relation to credibility.[3] Under these circumstances, the court could properly assess the appellant's credibility and could properly disbelieve the appellant and reject his version of the facts.

While the trial court had no opportunity to judge the credibility of the State's witnesses on the basis of observation, there were other factors present which permitted it to determine that the evidence these witnesses offered was reliable. The appellant's admission that he approached the Dillhoffs,[4] that they were afraid they were

---

3. Davis v. Warden, 235 Md. 637, 639, 201 A. 2d 672, 673 (1964); Cousins v. State, 230 Md. 2, 3-5, 185 A. 2d 488, 488-89 (1962); Huston v. State, 35 Md. App. 455, 456-58, 371 A. 2d 449, 451-52 (1977); Boone v. State, 2 Md. App. 80, 103, 107, 233 A. 2d 476, 489, 491 (1967).

4. Yopps v. State, 234 Md. 216, 221, 198 A. 2d 264, 266-67, *cert. denied,* 379 U. S. 922 (1964); Tasco v. State, 223 Md. 503, 509, 165 A. 2d 456, 459 (1960), *cert. denied,* 365 U. S. 885 (1961); Ball v. State, 7 Md. App. 219, 222, 254 A. 2d 367, 369 (1969), *cert. denied,* 256 Md. 743 (1970).

being robbed, and that he precipitiously left the scene of the alleged crime,[5] as well as his failure to offer a satisfactory explanation of the fact that at the time of his arrest, he possessed an amount of money approximating that allegedly taken in the robbery,[6] all tend to support the reliability of the Dillhoffs' stipulated testimony. Under these circumstances, the trial court could properly credit the stipulated testimony of these State's witnesses and their version of what occurred. This evidence, if believed, was sufficient to sustain the conviction.[7]

## II

The appellant also contends that the conviction for assault with intent to rob should have been merged into the conviction for robbery. The State maintains, among other things, that the issue was not properly preserved for appellate review.

This Court will not ordinarily decide any point or question which does not plainly appear to have been tried or decided by the trial court.[8] We have, however, occasionally decided such points or questions.[9] While we have often refused to decide a question of merger which has not been raised or decided in the trial court in cases in which concurrent terms were imposed,[10] we have not declined to consider such

---

5. Jones v. State, 242 Md. 323, 327, 219 A. 2d 77, 79 (1966); Tasco, *supra*, 223 Md. at 509, 165 A. 2d at 459; Hernandez v. State, 7 Md. App. 355, 367, 255 A. 2d 449, 456 (1969), *cert. denied*, 256 Md. 745 (1970).

6. Anglin v. State, 244 Md. 652, 656-57, 224 A. 2d 668, 669-70 (1966), *cert. denied*, 386 U. S. 947 (1967); Debinski v. State, 194 Md. 355, 360, 71 A. 2d 460, 462 (1950); Cross v. State, 36 Md. App. 502, 513-17, 374 A. 2d 620, 627-29 (1977); Hernandez, *supra*, 7 Md. App. at 367-68, 255 A. 2d at 456-57.

7. Williams and McClelland v. State, 5 Md. App. 450, 459, 247 A. 2d 731, 737 (1968), *cert. denied*, 252 Md. 731, 733 (1969).

8. Maryland Rule 1085.

9. Brown v. State, 8 Md. App. 462, 467-68, 260 A. 2d 665, 669 (1970).

10. *See* Colbert v. State, 18 Md. App. 632, 645, 308 A. 2d 726, 734, *cert. denied*, 269 Md. 756 (1973); Moore v. State, 15 Md. App. 396, 406, 291 A. 2d 73, 78, *cert. denied*, 266 Md. 740 (1972); Carter v. State, 15 Md. App. 242, 248, 289 A. 2d 837, 840, *cert. denied*, 266 Md. 734 (1972); Alston v. State, 11 Md. App. 624, 630, 276 A. 2d 225, 228, *cert. denied*, 262 Md. 745 (1971); McGhee v. State, 9 Md. App. 526, 532, 267 A. 2d 306, 309, *cert. denied*, 259 Md. 733-34 (1970).

questions in cases in which consecutive terms were imposed. In such cases we shall decide the merger question in order to avoid the manifest injustice which would result if consecutive sentences were imposed for merged offenses.

Under the doctrine of merger, the test for determining the identity of offenses is the required evidence test. In *Newton v. State*,[11] the Court of Appeals said:

"If each offense requires proof of a fact which the other does not, the offenses are not the same and do not merge. However, if only one offense requires proof of a fact which the other does not, the offenses are deemed the same, and separate sentences for each offense are prohibited."

Here the assault with intent to rob and the robbery arose out of the same incident. All of the facts necessary to prove the assault with intent to rob were essential ingredients in proving the robbery. In order to prove the robbery, however, it was necessary not only to prove that the appellant assaulted the Dillhoffs with the intent to rob them but also that he took personal property from them. Thus, the evidence required to secure the robbery conviction was, absent the proof of a taking, the same evidence required to establish the assault with intent to rob. Because here only one offense required proof of a fact that the other did not, the assault with intent to rob and the robbery merge. Accordingly, the conviction for assault with intent to rob must be vacated.[12]

---

11. 280 Md. 260, 268, 373 A. 2d 262, 266 (1977). *See* Veney v. State, 227 Md. 608, 611-14, 177 A. 2d 883, 885-86 (1962); Hawkins v. State, 34 Md. App. 82, 92, 366 A. 2d 421, 426 (1976), *cert. denied*, 279 Md. 683 (1977).

12. Newton, *supra*, 280 Md. at 273-74, 373 A. 2d at 269-70; Massey v. State, 7 Md. App. 615, 618, 256 A. 2d 614, 615 (1969), *cert. denied*, 257 Md. 734 (1970); Tender v. State, 2 Md. App. 692, 699-700, 237 A. 2d 65, 70-71, *cert. denied*, 250 Md. 732, 733 (1968), *cert. denied*, 393 U. S. 1096 (1969).

The State's contention that it is unnecessary to reverse the conviction, and that this Court instead should require the appellant, pursuant to Maryland Rule 764 a, to file a motion in the trial court to correct the illegal sentence, is frivolous.

## III

Finally, the appellant contends that the trial court erred in questioning him about his prior criminal convictions. Because the appellant did not object to the trial court's questions, the issue is not properly before us for review. Maryland Rules 522, 1085.

> *Judgment as to robbery affirmed.*
> *Judgment as to assault with intent to rob vacated.*
> *Costs to be paid by appellant.*