# ARTHUR NATHANIEL BROOKS *v.* STATE .OF MARYLAND

[No. 439, September Term, 1977.]

*Decided January 13, 1978.*

The cause was submitted on briefs to LOWE, MELVIN and COUCH, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Mark Colvin, Assistant Public Defender,* for appellant.

Submitted by *Francis B. Burch, Attorney General, Gilbert Rosenthal, Assistant Attorney General, Richard D. Warren, State's Attorney for Wicomico County,* and *Henry L. Vinyard, Assistant State's Attorney for Wicomico County,* for appellee.

MELVIN, J., delivered the opinion of the Court.

On May 3, 1977, Arthur Nathaniel Brooks (appellant) was convicted by the Circuit Court for Wicomico County (Simpkins, J.) of assault with intent to murder John Frank Williams [Md. Ann. Code, Art. 27, § 12] and carrying a weapon openly with intent to injure [Md. Ann. Code, Art. 27, § 36]. He was given consecutive sentences of twelve years for the assault with intent to murder and three years for the carrying of a weapon openly with intent to injure. On appeal, appellant presents three questions for our consideration:

> "1. Was appellant improperly convicted of carrying a weapon openly with the intent to injure?
> 2. Was the evidence insufficient to sustain Appellant's conviction for assault with intent to murder?
> 3. Does the sentence imposed upon Appellant constitute cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution and Article 25, Maryland Declaration of Rights?"

On August 23, 1976, John Williams and Catherine Anderson, together with Mrs. Anderson's three grandchildren, went to a park at Westover Hills in Salisbury. Shortly after their arrival, appellant joined the group. Williams testified that he and appellant engaged in a scuffle originating over the disciplining by Mrs. Anderson of one of her grandchildren. Mrs. Anderson said that there was no scuffle and that the men fell when the bench on which they were sitting toppled over. Williams and Anderson both testified that appellant left the park area, went to his car, and returned with a shotgun with which he twice shot Williams as Williams was attempting to run away. Appellant testified that he had just purchased a half pint of whiskey and that

Williams, who wanted the bottle, came after him with a knife. Appellant further testified that he shot Williams in self defense.

## I

Appellant first contends that his conviction for carrying a weapon openly with intent to injure should have been merged into his conviction for assault with intent to murder. Because appellant was given consecutive sentences, we will consider the issue of merger even though it was not raised or decided below. *Rose v. State,* 37 Md. App. 388, 393-94, 377 A. 2d 588 (1977).

In *Newton v. State,* 280 Md. 260, 268, 373 A. 2d 262 (1977), the Court of Appeals set out the test for determining whether two offenses merge:

> "Thus, under both federal double jeopardy principles and Maryland merger law, the test for determining the identity of offenses is the required evidence test. If each offense requires proof of a fact which the other does not, the offenses are not the same and do not merge. However, if only one offense requires proof of a fact which the other does not, the offenses are deemed the same, and separate sentences for each offense are prohibited."

*See also Couplin v. State,* 37 Md. App. 567, 579-82, 378 A. 2d 197 (1977) (offenses of robbery with a deadly weapon and use of a handgun in the commission of a felony or crime of violence do not merge).

Applying the required evidence test to the two offenses involved here, it is clear that each requires proof of a fact which the other does not, thus precluding a merger. Assault with intent to murder, as its name implies, requires proof of an assault. *Bird v. State,* 231 Md. 432, 190 A. 2d 804 (1963). A weapon need not be involved. To sustain a conviction of carrying a weapon openly with intent to injure, it is necessary that the State prove the carrying of a weapon. Md. Ann. Code, Art. 27, § 36 (a). While the State must also show that the weapon was carried openly, with the intent or purpose of

injuring any person in any unlawful manner, it is not necessary that the State prove an assault. As the offenses of assault with intent to murder and carrying a weapon openly with intent to injure each requires proof of a fact which the other does not, the two offenses are not the same and do not merge.

In *Watts v. State*, 3 Md. App. 454, 240 A. 2d 317 (1968), we held, *under the circumstances* in that case, that the offenses of carrying a dangerous and deadly weapon openly with intent to injure a named person merged into the offense of assault with intent to murder that particular person. Because the same weapon, a sawed-off shotgun, was used in each offense, and because the victims were the same persons described in each offense, and because there was identity of time, place and circumstances of each offense, we held that "The elements of the two crimes are the same." *Id.* at 461.

It is clear that *Watts* was decided under what the Court of Appeals has termed the "actual evidence" test, i.e., whether the evidence actually produced at trial on both offenses is substantially the same. This test was specifically rejected by the Court of Appeals in *Newton* in favor of the "required evidence" test quoted above. In light of *Newton*, we now overrule our holding in *Watts* that the offenses of carrying a dangerous and deadly weapon openly with intent to injure a named person and assault with intent to murder that person merge.

## II

Appellant next contends that the evidence was insufficient to sustain his conviction of assault with intent to commit murder. He specifically contends that there was no evidence that he "ever verbalized an intent to kill or grievously harm [Williams]." While it is true that an intention to commit grievous bodily harm must be shown to sustain a conviction for assault with intent to murder, *James v. State*, 31 Md. App. 666, 674, 358 A. 2d 595 (1976), there is no requirement that this intent be verbalized. To the contrary, "[t]he intent to kill is inferable from the use of a deadly weapon directed toward

a vital part of the body." *Id.; Bird v. State,* 231 Md. 432, 190 A. 2d 804 (1963).

The record in the instant case supports a finding that appellant twice shot John Frank Williams with a shotgun, hitting him in the face and arms. It was clearly permissible for the trial judge to infer an intent to murder from this deliberate use of a deadly weapon directed at a vital part of Mr. Williams' body. *See Mahoney v. State,* 13 Md. App. 105, 110, 281 A. 2d 421 (1971); *Woodward and Demby v. State,* 13 Md. 114, 123, 282 A. 2d 9 (1971). The evidence was sufficient to sustain appellant's conviction.

## III

Appellant finally contends that the sentences were so disproportionate to the offenses as to constitute cruel and unusual punishment forbidden by the Maryland Declaration of Rights and the United States Constitution. We find this contention to be without merit.

In *Raley v. State,* 32 Md. App. 515, 526-27, 363 A. 2d 261 (1976), we stated:

> "[T]he imposition of sentence in a criminal case is a matter within the province of the trial judge, *Gleaton v. State,* 235 Md. 271, 277 (1964); *Reid v. State,* 200 Md. 89, 92 (1952), *cert. denied,* 344 U. S. 848 (1952). And if the sentence is within the limits prescribed by law, it ordinarily may not be reviewed on appeal. *Gleaton v. State, supra; Biles v. State,* 230 Md. 537, 538 (1964)."

The sentences imposed in the instant case were well within the limits prescribed by law, and there is no indication whatsoever that in determining the sentences the judge was motivated by passion, ill will, prejudice, or any other motive than that of a sense of public duty. *Id.* Appellant's assertion to the contrary notwithstanding, it is clear that the trial judge did consider appellant's physical condition and military

service prior to imposing sentence. Under all the circumstances, we cannot say that the sentences imposed constituted cruel and unusual punishment.

*Judgments affirmed.*
*Costs to be paid by appellant.*