# ARTHUR NATHANIEL BROOKS *v.* STATE OF MARYLAND

[No. 4, September Term, 1978.]

*Decided February 16, 1979.*

*George E. Burns, Jr., Assistant Public Defender,* with whom were *Alan H. Murrell, Public Defender,* and *Mark Colvin, Assistant Public Defender,* on the brief, for appellant.

*Deborah K. Handel, Assistant Attorney General,* with whom were *Francis Bill Burch, Attorney General,* and *Clarence W. Sharp, Assistant Attorney General,* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

The issue in this case is whether the "required evidence test" or the "actual evidence test" is the general standard under Maryland law for determining whether one criminal offense merges into another.

The defendant Brooks was charged in the Circuit Court for Wicomico County with assault with intent to murder John Frank Williams, in violation of Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 12, and with carrying a deadly weapon openly with intent to injure Williams, in violation of Art. 27, § 36. At the defendant's non-jury trial, the victim Williams testified that he, Catherine Anderson, and three of Mrs. Anderson's grandchildren, were in a park in Salisbury, Maryland, on August 23, 1976. The defendant Brooks later joined the group, and thereafter an altercation or argument between Brooks and Williams occurred.[1] Williams and Anderson both testified that Brooks then went to his automobile and returned with a shotgun with which he twice shot Williams as the latter was attempting to run away. The defendant Brooks, on the other hand, testified that he shot Williams in self-defense.

The defendant was found guilty of both assault with intent to murder and carrying a weapon openly with intent to injure. He was sentenced to 12 years on the former conviction and 3 years on the latter conviction, the sentences to run consecutively.

Brooks took an appeal to the Court of Special Appeals, arguing, among other things, that his conviction for carrying

---

1. Williams testified that an altercation broke out over the disciplining of one of Mrs. Anderson's grandchildren. Mrs. Anderson, on the other hand, stated that there was no fighting, that the two men were just playing and fell down, and that after the fall there was an exchange of abrasive words.

a weapon openly with intent to injure merged into the assault conviction. Although Brooks had failed to raise this issue in the circuit court, the Court of Special Appeals, invoking its authority under Maryland Rule 1085, excused the failure and considered the merger question on the merits.

Ten years ago, in *Watts v. State,* 3 Md. App. 454, 461, 240 A. 2d 317, *cert. denied,* 251 Md. 753 (1968), *appeal dismissed and cert. denied,* 394 U. S. 214, 89 S. Ct. 1023, 22 L.Ed.2d 213 (1969), the Court of Special Appeals had held that the offense of carrying a weapon openly with intent to injure someone merged into the offense of assault with intent to murder that same individual. In the instant case, the Court of Special Appeals overruled *Watts v. State, supra,* held that there was no merger, and affirmed both convictions and sentences. *Brooks v. State,* 38 Md. App. 550, 381 A. 2d 718 (1978). The court, quoting from *Newton v. State,* 280 Md. 260, 268, 373 A. 2d 262 (1977), said that under both double jeopardy principles as well as Maryland merger law, the test for determining whether offenses merge is the "required evidence" test. Under this test, if each offense requires proof of a fact which the other does not, the offenses are not the same and do not merge. *Brooks v. State, supra,* 38 Md. App. at 552. The Court of Special Appeals went on to hold that each of the offenses involved in the present case required proof of a fact which the other did not, and therefore there was no merger. *Id.* at 552-553. The court concluded (*id.* at 553):

> "It is clear that *Watts* was decided under what the Court of Appeals has termed the 'actual evidence' test, i.e., whether the evidence actually produced at trial on both offenses is substantially the same. This test was specifically rejected by the Court of Appeals in *Newton* in favor of the 'required evidence' test quoted above. In light of *Newton,* we now overrule our holding in *Watts* that the offenses of carrying a dangerous and deadly weapon openly with intent to injure a named person and assault with intent to murder that person merge."

We granted Brooks's petition for a writ of certiorari, which was limited to the following question:

> "Did the Court of Special Appeals err in concluding that this Court, in *Newton v. State,* 280 Md. 260, 373 A. 2d 262 (1977), overruled a long line of prior decisions holding that the 'actual evidence test' was the proper test for determining whether two offenses merge?"

In this Court, Brooks does not challenge the holding by the Court of Special Appeals that, under the required evidence test, the two offenses here each require proof of a fact which the other does not and therefore should be deemed separate and distinct. Brooks also appears to concede that this is the appropriate standard for deciding whether separate offenses should be treated as a single offense for double jeopardy purposes. He argues, however, that the standard for determining merger of offenses is somewhat broader, and that if two convictions rest upon substantially identical "actual evidence," there should be a merger.

The so-called "same evidence" or "required evidence test" for determining whether two offenses arising from the same act or transaction are to be treated as one was recently set forth by the Supreme Court in *Brown v. Ohio,* 432 U. S. 161, 166, 97 S. Ct. 2221, 53 L.Ed.2d 187 (1977), as follows:

> "The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger v. United States,* 284 U. S. 299, 304 (1932):
>
> > 'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . .'

This test emphasizes the elements of the two crimes. 'If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes....' *Iannelli v. United States,* 420 U. S. 770, 785 n. 17 (1975)."

As pointed out by the Supreme Court above, this test focuses upon the *elements* of the two crimes rather than upon the actual evidence adduced at trial. The "required evidence" refers to that evidence needed, as a matter of law, to prove the crimes. This was explained in *Thomas v. State,* 277 Md. 257, 267, 353 A. 2d 240 (1976):

"The required evidence is that which is minimally necessary to secure a conviction for each statutory offense. If each offense requires proof of a fact which the other does not, or in other words, if each offense contains an element which the other does not, the offenses are not the same for double jeopardy purposes even though arising from the same conduct or episode. But, where only one offense requires proof of an additional fact, so that all elements of one offense are present in the other, the offenses are deemed to be the same for double jeopardy purposes."

*See also State v. Frye,* 283 Md. 709, 713-715, 393 A. 2d 1372 (1978); *Johnson v. State,* 283 Md. 196, 203-204, 388 A. 2d 926 (1978).

To the extent that there may be a suggestion in the Court of Special Appeals' opinion in the instant case that, prior to our opinion last year in *Newton v. State, supra,* the "actual evidence test" rather than the required evidence test was the general standard for determining merger of offenses in Maryland, such suggestion is erroneous. Moreover, the cases do not support the defendant's contention that the actual evidence test is presently the Maryland test for merger. On the contrary, the cases in this Court have consistently taken the position that the general test for determining merger of offenses, as well as for deciding whether two offenses should

be deemed the same for double jeopardy purposes, is the required evidence test. *Bynum v. State,* 277 Md. 703, 706, 357 A. 2d 339, *cert. denied,* 429 U. S. 899, 97 S. Ct. 264, 50 L.Ed.2d 183 (1976); *Cousins v. State,* 277 Md. 383, 388-389, 395-396, 354 A. 2d 825, *cert. denied,* 429 U. S. 1027, 97 S. Ct. 652, 50 L.Ed.2d 631 (1976); *Thomas v. State, supra,* 277 Md. at 266-267; *Flannigan v. State,* 232 Md. 13, 19, 191 A. 2d 591 (1963); *Bennett v. State,* 229 Md. 208, 212-214, 182 A. 2d 815 (1962); *Veney v. State,* 227 Md. 608, 611-614, 177 A. 2d 883 (1962); *Young v. State,* 220 Md. 95, 100, 151 A. 2d 140 (1959), *cert. denied,* 363 U. S. 853, 80 S. Ct. 1634, 4 L.Ed.2d 1735 (1960); *Williams v. State,* 205 Md. 470, 478-480, 109 A. 2d 89 (1954); *Rouse v. State,* 202 Md. 481, 485-487, 97 A. 2d 285, *cert. denied,* 346 U. S. 865, 74 S. Ct. 104, 98 L. Ed. 376 (1953); *State v. Coblentz,* 169 Md. 159, 169, 180 A. 266 (1935); *Gilpin v. State,* 142 Md. 464, 467-470, 121 A. 354 (1923); *Novak v. State,* 139 Md. 538, 540-541, 115 A. 853 (1921). Thus the Court in *Veney v. State, supra,* after discussing the common law doctrine of merger and pointing out that it was not recognized in Maryland, 227 Md. at 611-613, went on to state (*id.* at 613-614):

> "But this does not mean that the later and more modern concept of merger of offenses, whether it be considered under such terms as 'double jeopardy,' 'merger,' or 'divisibility of offenses,' fails to play an important role in criminal prosecutions today. For, as this Court pointed out when it quoted R.C.L. in *Gilpin, supra* (142 Md. p. 469) to the effect: ' "It [common-law merger] has no application where both crimes are misdemeanors or both are felonies, though one may be of a much graver character than the other and punishable with much greater severity; but in such a case another principle applies, that is if the lesser felony [or offense] is a necessary ingredient of the other, a conviction of one will bar a prosecution for the other by virtue of the twice in jeopardy rule. * * *." ' See also *Williams v. State, supra.*

"Decisions and text-writers use various methods and formulae for testing whether one criminal episode merges and extinguishes another, but, when analyzed, they, in general, boil down to the rule as just stated in *Gilpin, supra.* 22 C.J.S., *Criminal Law,* § 10, states the true test of whether one criminal offense has merged into another is held to be not whether the two criminal acts are successive steps of the same transaction, but whether one crime necessarily involves the other. . . . And in *Aaronson v. United States,* 175 F. 2d 41 (C. A., 4), Judge Soper, for the Court, said: 'A single transaction may be an offense against two statutes if each statute requires proof of a fact which the other does not.' "

Consequently, the required evidence test has long been and remains the general standard in Maryland governing the merger of offenses.[2]

It is clear, as the Court of Special Appeals held, that under the required evidence test, the crime of carrying a weapon openly with intent to injure a person would not merge into assault with intent to murder.[3] An essential element of the

---

2. In contending for an actual evidence test to determine merger of offenses, the defendant Brooks relies upon certain language from Green v. State, 243 Md. 75, 80-81, 220 A. 2d 131 (1966), where the Court stated that "the *facts* used to establish the lesser offense . . . were essential elements in establishing the greater offense . . . ." (Emphasis supplied.) Although this language, taken out of context, may be unclear, the *Green* case does not support the defendant's argument. In *Green,* the Court held that the offense of assault merged into the greater offense of rape. Such a holding is consistent with, and would be compelled by, the required evidence test.

3. The offense of carrying a weapon with intent to injure is set forth in Code (1957, 1976 Repl. Vol.), Art. 27, § 36, which also proscribes the wearing or carrying of a concealed weapon. That section provides in pertinent part:

"(a) *Carrying concealed or openly with intent to injure; carrying by persons under eighteen at night in certain counties.* — Every person who shall wear or carry any dirk knife, bowie knife, switchblade knife, sandclub, metal knuckles, razor, nunchaku or any other dangerous or deadly weapon of any kind, whatsoever (penknives without switchblade and handguns, excepted) concealed upon or about his person, and every person who shall wear or carry any such weapon openly with the intent or purpose of injuring any person in any unlawful manner, shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined not more than one thousand ($1,000.00) dollars or be imprisoned in jail, or sentenced to the Maryland Department of Correction for not more than three years; and in case of conviction, if it shall appear from the evidence

former offense is the carrying of a dangerous or deadly weapon, whereas this is not a necessary element of an assault with intent to murder. For example, one who attempts to strangle another with his bare hands could be guilty of assault with intent to murder. Assault with intent to murder, on the other hand, requires proof of an assault. However, one who has not committed an assault could nevertheless be guilty of carrying a weapon openly with intent to injure. In sum, each offense has at least one distinct element not present in the other, and thus they are entirely separate offenses under the required evidence test.

Although the required evidence test is the usual standard to be applied in deciding whether separate offenses should be deemed the same for purposes of double jeopardy and for purposes of merger, it is not the exclusive standard. In *Cousins v. State, supra,* 277 Md. at 397, "[w]e recognize[d] . . . that there may be situations where the required evidence test . . . might not be adequate to afford the protection against undue harassment embodied in the purpose of the prohibition against double jeopardy." But the defendant Brooks does not, and he validly could not, contend that the instant case represents such a situation.

In addition, even though offenses may be separate and distinct under the required evidence test, courts occasionally find as a matter of statutory interpretation that the Legislature did not intend, under the circumstances involved, that a person could be convicted of two particular offenses growing out of the same act or transaction. *See, e.g., Simpson v. United States,* 435 U. S. 6, 13-16, 98 S. Ct. 909, 55 L.Ed.2d 70 (1978); *United States v. Gaddis,* 424 U. S. 544, 547-548, 96 S. Ct. 1023, 47 L.Ed.2d 222 (1976); *Ladner v. United States,* 358 U. S. 169, 173-178, 79 S. Ct. 209, 3 L.Ed.2d 199 (1958); *Prince v. United States,* 352 U. S. 322, 327, 77 S. Ct. 403, 1 L.Ed.2d 370 (1957); *Bell v. United States,* 349 U. S. 81, 83-84, 75 S. Ct. 620, 99 L. Ed. 905 (1955); *Thessen v. State,* 508 P.

---

that such weapon was carried, concealed as aforesaid or openly, with the deliberate purpose of injuring the person or destroying the life of another, the court shall impose the highest sentence of imprisonment hereinbefore prescribed. . . ."

2d 1192, 1195-1197 (Alas. 1973); *Manning v. United States,* 270 A. 2d 504, 506 (D.C. 1970); *State v. McCarroll,* 337 So. 2d 475, 478-479 (La. 1976).[4] However, the defendant Brooks does not argue that the General Assembly, in originally adopting Art. 27, § 36, which proscribes carrying a weapon openly with intent to injure, or in any subsequent reenactment of that statute or enactment of any other statute, intended that the offense of carrying a weapon openly with intent to injure should merge into the offense of assault with intent to murder. Consequently, no such question of merger by legislative intent is now before us.

The only question presented in this case is whether the required evidence test, or the actual evidence test, is the normal standard for determining merger of criminal offenses under Maryland law. Since we hold that the required evidence test is the appropriate general standard, and that under such test there is no merger in the instant case, the judgment below must be affirmed.

> *Judgment of the Court of Special*
> *Appeals affirmed.*
> *Petitioner to pay costs.*

---

4. Not only are there situations where courts find a legislative intent to preclude multiple punishment even though offenses are separate and distinct under the required evidence test, but the converse occasionally happens. As we pointed out in Newton v. State, 280 Md. 260, 274 n. 4, 373 A. 2d 262 (1977), the legislature may intend to punish certain conduct more severely, if particular aggravating circumstances are present, by imposing punishment under two separate statutory offenses which otherwise would be deemed the same under the required evidence test.