## HARVEY IGNATIUS SLYE *v.* STATE OF MARYLAND

[No. 1117, September Term, 1978.]

*Decided May 14, 1979.*

The cause was argued before MORTON, MOORE and COUCH, JJ.

*Carmel Snow, Assigned Public Defender,* for appellant.

*Diane G. Goldsmith, Assistant Attorney General,* with

whom were *Stephen H. Sachs, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Michael P. Whalen, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

This appeal presents an interesting question of merger of criminal offenses: does a grand larceny [1] conviction — for which a fifteen-year maximum penalty may be imposed — merge into a shoplifting [2] conviction — for which the maximum penalty is three years — or does the latter merge into the former? For the reasons set forth, we hold that it was error not to merge the larceny conviction — the "lesser offense" — into the shoplifting conviction — the "greater offense."

## I

Harvey Ignatius Slye, the appellant, was convicted by a jury in the Circuit Court for Prince George's County (Bowie, J.) of larceny and shoplifting of men's suits valued at $835. The court imposed a 10-year sentence for the larceny

---

1. Md. Ann. Code art. 27, § 340 (1976) provides that a "person convicted of the crime of larceny to the value of one hundred dollars or upward ... shall be deemed guilty of a felony" and prescribes the punishment: restoration to the owner or payment to the owner of the value of the property and a fine of not more than $1,000 or imprisonment of not more than 15 years, or both such fine and imprisonment. In Maryland, the dividing line between felonious and nonfelonious larceny is the value of $100. The theft of goods under $100 is a misdemeanor. *Id.* § 341. Larceny is not by statute designated as "grand" or "petit" but is commonly referred to in those terms. Melia v. State, 5 Md. App. 354, 360-61, 247 A. 2d 554 (1968).

2. Maryland's shoplifting law was enacted in 1961 and is codified in Md. Ann. Code art. 27, § 551A (1976 & Supp. 1978). Under subsection (a) (1), the crime is committed when any person, *in any mercantile establishment,* removes "any goods, wares or merchandise [from a place within the establishment] with the intent to appropriate the same to [his own use], or to deprive the owner of the use, or value, or any part thereof." These, of course, are also the essential elements of common law larceny. Under subsections (a) (2) through (a) (5), shoplifting is also defined, disjunctively, to include obtaining possession, "with a like intent," of any such goods by charging them to a fictitious person or to a real person without the latter's authority; concealment of any such goods; alteration, removal, or disfigurement of any label or price tag; and transferring of any such goods from their container to any other container. The dividing line between felony and misdemeanor shoplifting is again $100, under subsection (d). The maximum imprisonment for the felony is 3 years; for the misdemeanor, 18 months.

conviction and a 3-year concurrent sentence for the shoplifting conviction.

At the trial, Troy Ratliff, the store detective at the Woodward & Lothrop department store in Iverson Mall, Prince George's County, testified that, at approximately 9:30 p.m. on October 9, 1975, he was summoned to the Men's Suits Department. There he observed a man, whom he later identified in court as appellant, leaving the department with a number of suits "draped" over his arms. Cecile Langston, a salesperson, also saw appellant departing, thus encumbered. As Ratliff followed appellant towards the front door, he called by radio for assistance. Alerted, appellant began to run. Ratliff chased him outside where appellant jumped into a car. Ratliff grabbed him. A struggle ensued during which the detective sprayed appellant with mace and knocked the suits to the ground. Appellant nevertheless managed to re-enter and to start his car. Ratliff clung to the moving vehicle for 10 or 15 feet before he released his grip. He was able, however, to get the license number. Subsequently, the car was traced to appellant and his wife.

Appellant testified on his own behalf. He also presented three alibi witnesses who testified that he was with them at the time of the alleged criminal conduct. Without objection, the court submitted both counts — larceny and shoplifting — to the jury. The jury returned guilty verdicts to both offenses.[3]

## II

Appellant contends that the trial court should have merged the larceny conviction into the shoplifting conviction. The State responds that the issue of merger was not properly preserved for appellate review. Md. Rule 1085. If preserved, however, appellee concedes that merger should take place but argues that the shoplifting should merge into the larceny.

Examination of the record reveals that appellant's trial counsel moved for a judgment of acquittal at the close of the

---

3. Appellant was convicted on July 8, 1976. The case is before us as a belated appeal after a successful application for post conviction relief.

State's case and stated, in the course of his supporting argument, that "the application of both the grand larceny and grand shoplifting would seem to merge somehow or some way in that aspect." The motion was denied. Appellant did not object thereafter when the trial court submitted both offenses to the jury nor when the jury returned a verdict convicting him under each count nor when the court sentenced him to 10 years for grand larceny and a concurrent three-year term for shoplifting.[4] The State, citing *Rose v. State,* 37 Md. App. 388, 377 A. 2d 588, *cert. denied,* 281 Md. 743 (1977), argues that Rule 1085 [5] precludes appellate review of the merger issue when, as here, the sentences imposed were concurrent, not consecutive.

Writing for the Court in *Rose v. State,* Judge Davidson observed:

> "This Court will not ordinarily decide any point or question which does not plainly appear to have been tried or decided by the trial court. We have, however, occasionally decided such points or questions. While we have often refused to decide a question of merger which has not been raised or decided in the trial court in cases in which concurrent terms were imposed, *we have not declined to consider such questions in cases in which consecutive terms were imposed. In such cases we shall decide the merger question in order to avoid the manifest injustice which would result if consecutive sentences were imposed for merged offenses.*" [6] (Emphasis added.)

37 Md. App. at 393-94.

---

4. Under these circumstances, we find it difficult to accept appellate counsel's assertion at oral argument that the limited reference to the merger issue at the time of the motion for judgment of acquittal was sufficient to preserve the question for review.

5. This familiar rule pertains to the scope of appellate review and reads, in part: "This Court will not ordinarily decide any point or question which does not plainly appear by the record to have been tried and decided by the lower court...."

6. In *Brooks v. State,* 38 Md. App. 550, 381 A. 2d 718 (1978), appellant had received *consecutive* sentences of twelve years for assault with intent to murder and three years for carrying a weapon openly with intent to injure. Citing *Rose v. State,* Judge Melvin held for the Court: "Because appellant was given consecutive sentences, we will consider the issue of merger even though it was not raised or decided below." *Id.* at 552.

The "manifest injustice" rationale enunciated in *Rose* is, we think, clearly applicable to the instant appeal. Here, appellant contends that the larceny conviction, for which he received a sentence of 10 years, should merge into the shoplifting conviction, for which he received a 3-year term. The latter, it is true, was concurrent. However, if we were not to entertain the merger issue because of Md. Rule 1085, appellant is faced with the prospect of an additional seven years incarceration for an offense which he claims, on the authority of *Newton v. State,* 280 Md. 260, 373 A. 2d 262 (1977), should have been merged into the conviction for which he received the lesser, 3-year, sentence. The situation is, in practical effect, indistinguishable from that where consecutive sentences are imposed and considerations of "manifest injustice" are equally present.

In this respect, we deem it appropriate to point out that, upon close scrutiny, the cases wherein we have declined to review the question of merger of concurrent sentences because of Rule 1085, do not involve these considerations.[7] In those cases, unlike the present appeal, the sentence imposed for the conviction proposed to be merged was less than or, at most, equal to the sentence imposed for the other conviction.

Therefore, under the circumstances of this case, we shall decide the merger question.

## III

The prohibition against double jeopardy, both under the Fifth Amendment and at common law, bars not only successive trials but also multiple punishment for the same offense. *Newton v. State,* 280 Md. 260, 263, 373 A. 2d 262 (1977), *citing Ex parte Lange,* 18 Wall. 163, 21 L. Ed. 872 (1873); *Cousins v. State,* 277 Md. 383, 388, 354 A. 2d 825 (1976); *Thomas v. State,* 277 Md. 257, 353 A. 2d 240 (1976). This

---

7. *See, e.g.,* Johnson v. State, 38 Md. App. 306, 316, 381 A. 2d 303 (1977); Colbert v. State, 18 Md. App. 632, 645, 308 A. 2d 726, *cert. denied,* 269 Md. 756 (1973); Carter v. State, 15 Md. App. 242, 248, 289 A. 2d 837, *cert. denied,* 266 Md. 734 (1972); Moore v. State, 15 Md. App. 396, 406, 291 A. 2d 73, *cert. denied,* 266 Md. 740 (1972); Alston v. State, 11 Md. App. 624, 630, 276 A. 2d 225, *cert. denied,* 262 Md. 745 (1971).

appeal represents a case of multiple punishment. Two questions arise: (a) must the offenses, arising from the same act or criminal episode, be deemed the same for double jeopardy purposes? (b) if so, which offense merges into the other?

The established test for determining whether two offenses merge is the "required evidence" test. This was made clear in *Newton v. State,* in which Judge Eldridge wrote for the Court:

> "Thus, under both federal double jeopardy principles and Maryland merger law, the test for determining the identity of offenses is the required evidence test. *If each offense requires proof of a fact which the other does not, the offenses are not the same and do not merge. However, if only one offense requires proof of a fact which the other does not, the offenses are deemed the same, and separate sentences for each offense are prohibited."* (Emphasis added.)

280 Md. at 268.

Applying the required evidence test to the two offenses involved here, it is manifest that only one, shoplifting, requires proof of a fact that the other, larceny, does not, thus requiring a merger. "Larceny is the fraudulent taking and carrying away of a thing without claim of right with the intention of converting it to a use other than that of the owner without his consent." (Emphasis deleted.) *State v. Gover,* 267 Md. 602, 606, 298 A. 2d 378 (1973). The elements of the shoplifting offense under Md. Ann. Code art. 27, § 551A (a) (1), with which appellant was charged, are identical to those of larceny with the addition of one element: the goods must be taken from a mercantile establishment.[8]

---

8. *See* Saunders v. State, 8 Md. App. 143, 147-48, 258 A. 2d 776 (1969) (shoplifting statute did not repeal by implication the law allowing a conviction of larceny from a mercantile establishment, and there was no "manifest inconsistency" in allowing *either* a conviction for larceny or shoplifting for a theft of goods from a mercantile establishment.)

When a merger is necessitated, the "lesser" crime is merged into the "greater" and the judgment of conviction and the sentence on the lesser offense are vacated. *Stewart v. Warden,* 243 Md. 697, 699, 221 A. 2d 709 (1966). The lesser offense is that which is itself an "essential ingredient" of the offense requiring proof of an additional fact. *Newton v. State,* 280 Md. at 269.[9] Here, larceny is an "essential ingredient" of shoplifting under subsection (a) (1) of the shoplifting statute. Shoplifting requires proof of an additional fact — theft from a mercantile establishment. Larceny is thus the "lesser" offense and the conviction and sentence must be vacated.[10]

The penalties prescribed for the respective crimes are not, as the appellee contends, a factor to be considered. *Johnson v. State,* 283 Md. 196, 388 A. 2d 926 (1978). One of the issues before the Court, in *Johnson,* was whether a false pretenses[11] conviction merged into a welfare fraud[12] conviction. It was held that the false pretenses conviction merged. In language appropriate to this case, Judge Smith stated:

> *"There is at least a suggestion here that because false pretenses carried a potential punishment of 10 years imprisonment while the maximum imprisonment for welfare fraud is three years that this in some fashion makes false pretenses the greater crime into which welfare fraud would merge. This concept was rejected by the Court in Flannigan v. State, 232 Md. 13, 19, 191 A. 2d 591*

---

9. In *Newton,* appellant had been convicted of felony murder and attempted robbery. The Court held that the underlying felony merged into the felony murder. Both offenses required proof of the same facts but the felony murder contained an additional ingredient — a death occurring in the perpetration of the felony. 280 Md. at 268-69. Because of this additional element of proof, the felony murder was the "greater" offense into which the underlying felony, the "lesser offense," merged.

10. *Compare,* Henry v. State, 273 Md. 131, 328 A. 2d 293 (1974). In *Henry,* the Court held that larceny of use or unauthorized use of an automobile did not merge into larceny of an automobile because the former required an intent to use *temporarily* the vehicle and to return it thereafter while the latter required an intent to deprive *permanently* the owner of the car. Each offense had a distinct element inconsistent with that of the other offense. *Id.* at 134-38.

11. Md. Ann. Code art. 27, § 230A (Supp. 1978).

12. *Id.* § 140 (1976).

(1963). The issue there before the Court involved Art. 27, § 140, the False Pretense Act, and § 142, the Worthless Check Act, the latter of which provided the lesser sentence." (Emphasis added.)

*Id.* at 204. Thus, the focus and emphasis in the determination of the "greater" and "lesser" offenses are upon the "required evidence" to prove them, not the prescribed penalties.

> *Judgment of conviction and sentence*
> *for larceny vacated; costs to be*
> *paid by Prince George's County.*