GEORGE DUNBAR FIELDS *v.* STATE OF MARYLAND

[No. 708, September Term, 1981.]

*Decided February 8, 1982.*

The cause was submitted on briefs to MORTON, LOWE and WILNER, JJ.

Submitted by *Alan H. Murrell, Public Defender,* and *Bradford C. Peabody, Assistant Public Defender,* for appellant.

Submitted by *Stephen H. Sachs, Attorney General, Philip M. Andrews, Assistant Attorney General, Sandra A.*

*O'Connor, State's Attorney for Baltimore County,* and *Joseph Steigerwald, Assistant State's Attorney for Baltimore County,* for appellee.

LOWE, J., delivered the opinion of the Court.

Appellant was convicted in the Circuit Court for Baltimore County and sentenced to two consecutive 18 month prison terms, for storehouse breaking and stealing (Md. Ann. Code (1957, 1976 Repl. Vol.), Art. 27, § 33) and storehouse breaking with intent to steal (Md. Ann. Code (1957, 1976 Repl. Vol., 1981 Cum. Supp.), Art. 27, § 33A). He contends here that his conviction for storehouse breaking with intent to steal must be reversed because "the trial court convicted and sentenced appellant twice for storehouse breaking — once for having the intent to steal, and once again for stealing." We conclude, however, that while it is not reversible as such, we should, in the interests of justice, merge those offenses to avoid double punishment for a single offense.

A conviction under the relevant portion of § 33A requires proof of the elements of a breaking with *intent* to steal money, goods or chattels under the value of $300.[1] Section 33, however, requires a breaking and " '. . . a *larceny* amounting in value to $5.00 or more.' " *Garner v. State,* 16 Md. App. 353, 361 (1972), quoting *Hyman v. State,* 4 Md. App. 636, 642 (1968) (emphasis added). Each offense appears to require proof of an element that the other does not (*i.e.,* the intent requirement in § 33A and the larceny requirement in § 33), and they are, therefore, distinct crimes. *Fabian v. State,* 235 Md. 306, 314 (1964). That case clearly holds that those two offenses are "separate crimes," as indicated by the trial judge in this case:

"No, they're completely separate crimes. One is the breaking and entry of the building with the

---

1. Section 33A also proscribes breaking and stealing "under the value of five dollars," without reference to intent.

intent to steal, and the actual consummation of the theft is a different and separate crime. That has clearly ruled out. I can't cite the case, but I know that to be true from the time immemorial.[2] If you break and steal, two different crimes are committed."

But *Fabian* determined only that those two offenses had "no inconsistency". It did not hold that there was "neither 'inconsistency' nor 'illegality' in the imposition of separate penalties . . ." as argued by the State. The issue of merger with which we chose to treat this matter, was not addressed in *Fabian* because, as the Court twice noted, no sentence had been imposed upon the "intent" conviction.

*Brooks v. State,* 284 Md. 416, 419 (1979), on the other hand, did not directly address the academic *Fabian* issue but sought to decide what *Fabian* had not; whether convictions should be merged if they rested upon substantially identical "actual evidence". Although *Brooks* did hold that the "required evidence" test (whether each offense requires proof of an element which the other does not) was appropriate for merger determinations in most instances, it clearly left open an escape valve for the more obvious exceptions; *i.e.,* where it is clear that the Legislature did not intend that separate sentences be imposed for two offenses arising out of the same transaction. *Brooks, supra,* at 423. That valve was kept open by repetition the year after *Brooks* espoused it, emphasizing by such repetition so soon thereafter, that we should carefully consider merger in obvious situations of duplicate punishments.

"The imposition of multiple punishment, however, is often particularly dependent upon the intent of the Legislature. Just last year in *Brooks v. State, supra,* 284 Md. at 423, it was pointed out that, although the required evidence test is the normal standard for deciding the allowability of separate

---

2. Undoubtedly a reference to *Fabian, supra,* if 1964 was "Immemorial."

sentences, the Legislature may not in certain circumstances intend that separate sentences be imposed for two offenses growing out of the same transaction, even though the two offenses are clearly distinct under the required evidence test.". *Whack v. State,* 288 Md. 137, 143 (1980).

Because it is difficult, if not nigh impossible, to conjure a case where a thief might break and enter, and steal without having an intent to do so, it is apparent that the Legislature was providing in § 33A for an instance of a crime commenced but not completed, rather than penalizing one who intended to steal what he does steal as an aggravation of simply breaking without intent to do that which he ultimately accomplished. To assume the latter would presuppose a prior intent by the Legislature when it enacted § 33, that breaking and stealing was considered by the Legislature to be a non scienter crime, and that, if course, is absurd. The Legislature will not be interpreted as intending absurdities. *Francois v. Alberti Van & Stg. Co.,* 285 Md. 663, 670 (1979); *Mazor v. State, Dep't of Correction,* 279 Md. 355, 361 (1977).

A pattern of legislative intent is apparent in the three successive sections of Art. 27, § 32, § 33 and § 33A. Each have the common element of breaking into structures other than dwelling houses, structures to which we will apply the euphemism "storehouse".

It appears that the Legislature first addressed the problem of storehouse breaking in 1737, subsequently merging a law criminalizing storehouse breaking with a felonious intent, with storehouse breaking and stealing to the value of a dollar. Over the years numerous minor changes were made including attempts to fill obvious gaps. The result is that storehouse breaking is addressed by

§ 32 breaking with either felonious intent or an intent to steal $300 *or more* in value; and,

§ 33 breaking and actually stealing $5 *and up* (to $300) in value.

In 1933, the Legislature enacted what is now § 33A which was obviously intended to complement:

- § 32 by proscribing breaking *with intent* to steal *under* $300 in value; and,
- § 33 by proscribing breaking and actually *stealing under* $5 in value.

Logic and the Court of Appeals both indicated that the Legislature intended these statutes to be both complementary and mutually exclusive. See *Turner v. State,* 242 Md. 408, 415 (1966). The intended exclusivity is apparent when, for example, a thief who broke and stole a $4.00 item was proven to have intended the breaking in order to rape or murder an occupant of the building. But it is equally apparent that the Legislature did not intend that a thief for whom it had provided a possible 10 year sentence for breaking and actually stealing a $6 item (§ 33), was expected to serve an additional 18 months because he had *intended* to steal an item worth less than that or even not substantially more. To the extent then, that the "actual evidence" indicates that theft accomplished, coincides with an intended theft, according to the pecuniary range provided by these statutes, we will apply the *Brooks'* exception and merge the convictions.

If the case before us is not precisely that which the *Brooks'* exception anticipated, we can conceive of no purpose for which it was intended. We have considered, and will merge, the conviction under § 33A into the conviction under § 33 to avoid the "manifest injustice" which results when consecutive sentences are imposed for merged offenses. *Rose v. State,* 37 Md. App. 388, 393-394 (1977).

We note, as shown by the example above, that had the trial judge intended to assure a 3 year sentence, he could have imposed 36 months for the actual theft and 18 months for the intent crime, to be served concurrently. Had that been done, absent a request to merge, we would have declined to address the merger question which lacked the apparent "manifest injustice" resulting from consecutive sentences improperly imposed. See *Rose, supra.*

Appellant also contends that the evidence was insufficient to sustain his convictions. After carefully reviewing the record, which included evidence of appellant's former employment at the gas station where the crime occurred, and testimony and exhibits showing that appellant's fingerprints were found on pieces of glass which had been removed from a broken window at the station, we find no merit in appellant's contention. The trial judge declared himself convinced beyond a reasonable doubt that the appellant had committed the offenses:

> "The testimony is not iron clad, but it convinces me beyond a reasonable doubt. Plus, the other testimony that the defendant was familiar with the premises, that he apparently went only to those places where cash was known to be kept, that makes him the number one suspect, to start with.
>
> And when the thumbprint is found at the fracture line of the glass, with some prints on the other side, then I am convinced that he is the one that removed the glass fragment from the bay frame, and the verdict is guilty.'"

After viewing the evidence in the light most favorable to the prosecution, we conclude that the evidence was sufficient to support a finding of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

> *Judgment under count three (breaking and stealing) affirmed; judgment under count two (breaking with intent) vacated; costs not to be reallocated pursuant to Md. Rule 1082f.*